O P I N I O N
This is an accelerated calendar appeal. Appellant, Charles Keith Swaney, appeals from a final judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment. For the following reasons, we affirm the judgment of the trial court.
Appellant and appellee, Cynthia A. Swaney, divorced on July 28, 1997 after a thirteen-year marriage. Two children were born as issue of the marriage. As part of the parties' separation agreement, appellee was granted primary custody of both children. She agreed to maintain the residence of the two children in Geauga County or an adjacent county, subject to written agreement by appellant or further order of the court to the contrary. Since the conclusion of the divorce, appellant had fully exercised his visitation rights and remained current in his child support obligations.
On April 23, 1998, appellee petitioned the trial court to modify the visitation schedule because she had remarried on April 17, 1998 to a resident of Illinois and wished to move there with the parties' children. Appellant objected to appellee's request and filed his own motion to modify on June 2, 1998.
A hearing before a magistrate was held on June 23, 1998 to address the parties' respective motions. After considering the evidence, the magistrate issued a decision on July 8, 1998 recommending that appellee be allowed to move the children to Illinois and that a new visitation schedule with appellant be established.
On July 21, 1998, appellee filed a motion with the trial court asking for an interim order making the magistrate's decision effective pending the disposition of appellant's expected objections. Appellant filed a motion in opposition to appellee's request. On August 3, 1998, the trial court granted appellee's motion, permitting her to move the children to Illinois one week before the 1998-1999 school year.
Appellant filed his objections to the magistrate's decision on August 7, 1998. On September 1, 1998, the trial court issued a judgment entry overruling appellant's objections and adopting the magistrate's findings of fact and conclusions of law in their entirety. Judgment was subsequently entered in favor of appellee.
Notice of the trial court's decision was sent to the parties' respective attorneys on September 2, 1998. While appellant's attorney acknowledges that he received a copy of the notice of filing, he denies receiving a copy of the actual decision.
On May 7, 1999, appellant sent a letter to the trial court asking why there had been no decision in the case. Upon receipt of appellant's letter, the trial court informed appellant that a decision had been filed on September 1, 1998 and that the court records showed that copies of that decision had been mailed to the parties' attorneys the next day. The trial court included a copy of its decision with the letter.
On June 16, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) with the trial court. In his motion, appellant argued that he was entitled to relief based on the excusable neglect of his attorney. In support, appellant attached two affidavits with his motion; one from himself, and the other from his attorney.
In his affidavit, appellant alleged that he had not received a copy of the trial court's September 1, 1998 judgment entry adopting the magistrate's decision and that he had not learned of the decision until his attorney called him on May 11, 1999. As for appellant's attorney, he averred that he had never received, nor was he aware, of the trial court's final decision in this matter until he received a copy of the judgment entry on May 11, 1999. He acknowledged that he had received the clerk's notice of filing referencing the September 1, 1998 judgment entry. Nevertheless, he claimed that he did not connect it to the trial court's final decision because a copy of the entry did not come with the notice. Instead, he believed the notice of filing concerned the trial court's earlier ruling granting appellee's interim order.
Appellee filed a response to appellant's motion on June 22, 1999. By judgment entry filed July 9, 1999, the trial court denied, without a hearing, appellant's motion for relief from judgment. From this decision, appellant filed a timely notice of appeal. He now asserts the following assignment of error for our consideration:
 "The trial court abused its discretion in dismissing appellant's 60(B) motion based upon excusable neglect."
Under his sole assignment of error, appellant submits that the trial court abused its discretion in denying his Civ.R. 60(B) motion. According to appellant, he had vigorously contested the proposed out-of-state relocation of his two children, and if it had not been for the excusable neglect of his attorney, he would have filed an appeal contesting the trial court's adoption of the magistrate's decision. Appellant believes that the failure of his attorney to discover the September 1, 1998 judgment entry was inadvertent, isolated, and therefore, excusable. We disagree.
Civ.R. 60(B) enumerates several grounds upon which relief from final judgments and orders may be granted. It provides in pertinent part:
 "Upon motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
In it well established in Ohio that in order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the enumerated grounds stated in the rule; and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.GTE Automatic Electric. V. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
The decision to grant or deny a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. As a result, the trial court's ruling will not be disturbed absent an abuse of discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
While Civ.R. 60(B) is a remedial rule to be liberally construed, Colley v. Bazell (1980), 64 Ohio St.2d 243, 248,416 N.E.2d 605, the rule may not be used as a substitute for a timely appeal, nor does it permit vacation merely to permit an appeal which would otherwise be untimely under App.R. 4(A). Doe v.Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128,502 N.E.2d 605, paragraph two of the syllabus. Rather, Civ.R. 60(B) was designed to remedy situations which could not be reached by appellate review. As a result, the rule provides relief only in certain circumstances in which the original proceeding has been tainted by error. It is not an opportunity to relitigate the same issues already presented to the trial court.
Nevertheless, "a judgment may be vacated for a valid reason demonstrated on the record that falls within the guidelines of Civ.R. 60(B), even if the effect is to extend appeal time."Steadly v. Montany (1981), 67 Ohio St.2d 297, 299,423 N.E.2d 851. For example, when a trial court has indicated that notice of a judgment will be given to a litigant, the failure of the court to give the litigant such notice is a sufficient basis for granting a Civ.R. 60(B) motion. Connolly v. Connolly (1990),70 Ohio App.3d 738, 741, 591 N.E.2d 1362, citing Bancroft v.Communicators, Inc. (1986), 34 Ohio App.3d 165, 517 N.E.2d 554.
That, however, is not the case confronting this court in the instant matter. Here, appellant was not challenging the validity of the trial court's decision in his motion for relief from judgment. Instead, appellant was asking the trial court to vacate its September 1, 1998 judgment entry "so that a new identical judgment entry might be filed, thereby permitting [appellant] to pursue an appeal." This is clearly an improper use of Civ.R. 60(B).
Under Civ.R. 58(B), the clerk is charged with the duty of serving the parties with notice of the trial court's judgment, including the date of entry, within three days of entering the judgment upon the court's journal. Upon serving the notice on the parties and noting such service in the appearance docket, service is complete. There is no requirement that the clerk serve the parties a copy of the court's judgment entry. More importantly, the failure of the clerk to serve notice does not affect the validity of the judgment, or the running of the time for appeal except as provided in App.R. 4(A). See, generally, Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph two of the syllabus.
Appellant's attorney candidly admits that he received notice from the clerk that a judgment in the case had been entered on September 1, 1998. However, he argues that he did not know that the notice he received related to the court's ruling on his objections to the magistrate's decision because he did not receive a copy of the court's decision with the notice.
Even assuming that appellant's attorney did not receive a copy of the trial court's decision, there is no question that notice of the decision was served in accordance with Civ.R. 58(B). Furthermore, believing that there were two outstanding matters before the trial court, it was incumbent upon appellant's attorney to check the court's records to determine the subject of the notice of filing.
Unfortunately for appellant, whether his attorney's conduct was excusable or inexcusable is immaterial to the ultimate outcome in this case. Appellant is not contesting the underlying judgment of the trial court. Rather, he is only asking that the court vacate its judgment and then render the same judgment so that he may pursue a timely appeal. While this court is sympathetic to appellant's situation, as noted earlier, this is not a valid use of Civ.R. 60(B). Therefore, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant's single assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
JUDGE ROBERT A. NADER
FORD, P.J., concurs, O'NEILL, J., dissents with dissenting opinion.