SCHWARTZ, Plaintiff-Appellee, v. LEISER et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24056.   Decided February 6, 1957.

Phillip Bartell, for plaintiff-appellee.

Halle, Haber, Berick & McNulty, Jacob I. Rosenbaum, Sidney A. Thorman, for defendants-appellants.

## OPINION

By SKEEL, J:

This appeal is on questions of law from an order vacating a judgment for defendants and granting a new trial after term. The court here is ruling on plaintiff's motion to dismiss the appeal.

The action is one for work and material (plumbing in a new house) furnished for the construction of defendants' home. The defendants' contract to build the home was with a general contractor and the plaintiff's sub-contract for the plumbing work was with the general contractor and not the defendant. The allegations of the petition are that the defendant agreed to pay plaintiff the balance due for the plumbing work "independent of and without regard to any liability of the original contractor" if he would furnish the work called for under plaintiff's contract with the general contractor.

We are not afforded the benefit of the evidence introduced upon trial but the record shows that the court, at the conclusion of the plaintiff's case, granted defendants' motion for judgment. The briefs filed on the motion for new trial indicate that the question of the statute of frauds was the question presented by the motion for judgment and if the evidence supported the allegations of the petition, the ruling was, in all respects, proper. In all events, we must indulge in the presumption, without a record of the testimony, that the judgment of the court was correct.

After overruling the motion for new trial on January 15, 1955, the judgment having been entered on December 7, 1954, and the motion for new trial filed on December 17, 1954, and a notice of appeal filed on January 25, 1955, a series of motions follows and entries made thereon without any indication that hearings were afforded before the entries were made. The record seems almost incredible.

After his notice of appeal was filed, the plaintiff on January 26, 1955, filed a motion for rehearing of the motion for new trial which was granted and new trial ordered on March 1, 1955. The defendants then asked a rehearing of this order (the plaintiff having withdrawn his notice of appeal on April 1, 1955). On April 9, 1955, the motion for rehearing was granted and the entry of March 1st vacated and on April 12, 1955, the motion for new trial was again overruled. Again on April 22, 1955, a notice of appeal was filed by the plaintiff (later dismissed). Thereafter,

on May 22, 1956, after some controversy about the bill of exceptions which was filed May 19, 1955, a motion to vacate judgment was filed by plaintiff which was granted on June 16, 1956, the journal entry being "Motion to vacate judgment and motion for new trial granted." There is no record of a hearing on this motion to vacate or a record of the grounds upon which it was granted. A motion for rehearing of the order was filed on June 25, 1956, which was overruled on July 31, 1956. On October 4, 1956, the transcript shows that a motion "to correct journal entry" was filed and on the same day, the ruling on this motion was as follows: "Motion to correct journal entry granted. Motion to vacate judgment and motion for new trial granted. Entry of June 16, 1956 vacated."

It is this entry from which this appeal is taken and the grounds upon which plaintiff seeks to dismiss the appeal are that the defendants failed to give notice of appeal within twenty days of the entry of June 16, 1956, that the entry of October 4, 1956 was made only for the purpose of extending the time of appeal and for the further reason that the court had lost jurisdiction of the case, the application "to correct journal entry" being filed after term. (By §1901.29 R. C., there can be no term as such in a municipal court but for the purpose of computing time, ninety days following a judgment is considered within term.) The last entry overruling motion seeking rehearing of motion granting new trial was overruled July 31, 1956. This was sixty-five days before the order of October 4, 1956 and if there is such a thing as a motion for "rehearing" of a motion already acted upon which has any legal effect whatever in staying the time within which an appeal can be taken, then the court acted on a request filed within term. There being no objection to such a motion, we will not decide the question of its validity and effect in tolling the statutory time for appeal.

The manner in which the entry of October 4, 1956 was made, and the reasons therefor, are set forth in the motion as being based on an oral promise of the trial judge to grant an oral hearing on the motion to vacate filed May 22, 1956, which was ruled on June 16, 1956, before the hearing was had on July 31, 1956. There must have been substance to this claim because the request of October 4, 1956, was granted apparently without notice or hearing on the day it was filed.

This record shows clearly that the entry was not made for the sole purpose of extending the time for filing a notice of appeal. Oral promises made in the process of a judicial proceeding and not put upon the record of the case should, in good practice, be avoided, but, if made and relied on, then the breach of such promise should not be permitted to defeat the due administration of justice.

The transcript of this record shows that the jurisdiction of this court was properly invoked by notice of appeal from a final order and the motion to dismiss the appeal is, therefore, overruled. Exceptions.

KOVACHY, PJ, HURD, J, concur.