**In re FETZER.**

[Cite as *In re Fetzer* (1997), 118 Ohio App.3d 156.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–55.

Decided Feb. 5, 1997.

158

*Legal Services Association, Allen County–Blackhoof Area* and *Sandra K. Bashore,* for appellant.

*Waldick Law Office* and *Juergen A. Waldick,* for appellee.

HADLEY, Presiding Judge.

This appeal arose from a judicial finding in the Allen County Court of Common Pleas, Probate Division, that the consent of appellant Mindy Fetzer was not necessary for the adoption of her son, Isaiah W. Fetzer, by his stepmother, Barbara L. Fetzer ("appellee").

Appellant and William Fetzer are the natural parents of Isaiah.[1] Appellant and Mr. Fetzer were divorced on August 26, 1993. Pursuant to the divorce decree, Mr. Fetzer was designated the residential parent of their son, and appellant was not granted any visitation due to her forgery convictions [2] and her failure to appear at the divorce hearing.[3] Appellant was further required to pay child support in the amount of $5 per week.

Despite the lack of a formal visitation decree, appellant visited Isaiah in October 1993 and again during the Christmas holiday of that same year pursuant

---

1. Isaiah was born December 28, 1989.

2. Appellant was incarcerated for six months on these convictions.

3. Appellant stated in her brief that she was "unable to get a ride to the court."

to a voluntary arrangement with Mr. Fetzer. After Christmas 1993, appellant never visited with Isaiah again.[4]

During the time period August 1993 until July 1995, appellant worked for only two months, in 1994 at Meijer's in Lima, Ohio. While she was employed at Meijer's, appellant made a total of four child support payments.[5] However, Mr. Fetzer did not receive these payments until after the adoption petition had been filed because appellant sent the payments to the wrong county agency.[6] Since that brief period of employment, appellant began receiving ADC benefits in the amount of $279 per month for her daughter, who was born on July 8, 1994.[7]

On June 28, 1995, appellant retained the services of Allen County–Blackhoof Area Legal Services to formally establish visitation rights with her son. A motion to establish visitation was filed on July 27, 1995 in the Van Wert County Common Pleas Court. However, appellee had already filed a petition to adopt Isaiah on July 13, 1995 in the Allen County Court of Common Pleas, Probate Division.

On October 12, 1995, the probate court heard testimony from several witnesses on the issue of whether appellant's consent was necessary for the adoption of her son by appellee. Pursuant to an agreement by the parties,[8] the court also heard evidence on the issues of best interest of the child and the suitability of the adoptive parent. At the conclusion of the hearing, the court found that appellant's consent was unnecessary due to her unjustifiable failure to financially support her child and her failure to communicate with her child one year prior to the filing of the adoption petition. The court further ruled that the adoption would be in the child's best interests and that appellee would be a suitable parent. Consequently, an interlocutory order of adoption was rendered, and that decree was finalized on April 12, 1996.

It is from this judgment that appellant is appealing the following four assignments of error.

---

4. Appellant claims that Mr. Fetzer and his new wife, appellee, refused to allow her any contact with her son. Appellee claims that appellant never made any efforts to communicate with her son.

5. A double payment of $10 was made on October 24, 1994 and again on November 4, 1994.

6. The payments were supposed to be made to an agency in Van Wert County, which is where the divorce decree was rendered. Appellant, however, sent the payments to the Allen County Child Support Enforcement Agency, since that is the county she was living in at the time.

7. Mr. Fetzer is not the father of appellant's daughter.

8. Prior to the hearing, both parties met with the probate judge and agreed that evidence on the issues of best interest of the child and suitability of the appellee would be heard at the hearing in addition to the issue of the necessity of appellant's consent.

"Assignment of Error No. 1

▮ "The trial court erred in failing to issue and/or serve upon the natural mother or her counsel an order which would constitute a final appealable order."

▮ Appellant claims that she was denied the right to appeal the probate court's decision that her consent to the adoption of her son was unnecessary when that court failed to serve her with a copy of the court's journal entry. There are two orders in this case from which an appeal could be taken. The first is the order finding appellant's consent to the adoption unnecessary. See *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, paragraph one of the syllabus (determining that an order finding parental consent unnecessary is a final, appealable order). The second is the interlocutory order of adoption. Both of these orders were filed in the trial court on October 12, 1995.

App.R. 4(A) establishes the time within which a notice of appeal must be filed in the following language:

"(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

According to this rule, appellant would ordinarily have thirty days from October 12, 1995 to file her notice of appeal. However, in this case, it is undisputed that the clerk of courts neglected to serve appellant with notice of the filing of these appealable orders as required by Civ. R. 58(B), which provides as follows:

"(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."

Since appellant never received service from the clerk, it follows that the thirty-day period within which to file a notice of appeal never began to run. Therefore, the notice of appeal ultimately filed by appellant on August 16, 1996 was timely filed and afforded appellant an opportunity for a review of both appealable orders in this case.

We therefore conclude that, while the trial court erred in failing to comply with the requirements of Civ.R. 58(B), such error was not prejudicial to appellant. The first assignment of error is accordingly overruled.

"Assignment of Error No. 2

"The trial court erred to the prejudice of the natural mother, in denying the natural mother due process of the law through its defective practices and procedures."

Appellant maintains in her second assignment of error that she was denied due process on three occasions in this case. First, appellant claims that she was denied due process when the trial court failed to serve her with notice that the interlocutory order of adoption would become final on April 12, 1996. Next, she contends that she was further denied due process when the court failed to notify her that the report of the investigation conducted pursuant to R.C. 3107.14(C) had been filed. Finally, she maintains that her due process rights were violated when the court denied her motion for findings of fact and conclusions of law.

We decided in our discussion of the first assignment of error that appellant was entitled to notice of the filing of the order of adoption but that the lack of notice in this case was not prejudicial error. Therefore, appellant was not denied any due process rights when the court failed to serve her with notice of the order.[9]

We further reject appellant's second contention for the reason that there is no statutory authority that requires a copy of the adoption investigative report to be served on the parties involved. Furthermore, this report is primarily for the use of the court in assessing the quality of the adoptive home. Therefore, appellant was not denied any due process rights when she was not notified that the investigation report had been filed.

Finally, appellant's third contention is not well taken for the following reasons. The Ohio Supreme Court has held that the "failure to give reasonable notice of final appealable orders is a denial of the right to legal redress created by Section 16, Article I of the Ohio Constitution * * *." *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 296, 25 OBR 343, 345, 496 N.E.2d 466, 468; *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 81–82, 523 N.E.2d 851, 853; *Gaeta v. Cleveland* (1988), 39 Ohio St.3d 338, 338–339, 530 N.E.2d 1316, 1316–1317. Therefore, appellant contends that she was denied due process rights when the trial court dismissed her subsequent motion for findings

---

9. As we decided in the first assignment of error, the trial court's failure to serve her with notice of the order did not prejudice appellant, as she was still entitled to appeal her case in this court.

of fact and conclusions of law as being untimely after failing to serve her with a copy of the interlocutory order.

Civ.R. 52 provides:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Since it is undisputed in this case that appellant was never served with notice of the filing of the two final, appealable orders filed by the court, the seven-day period within which to file a motion for findings of fact and conclusions of law never began to run. Therefore, it was error for the trial court to overrule appellant's motion on the grounds that it was not timely filed. Nevertheless, we conclude that this error was not prejudicial to appellant.

▮ Appellant further contends that she was entitled to a separate finding of fact and conclusions of law in addition to the probate court's decision pursuant to Civ.R. 52. However, "[i]f the court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is such substantial compliance with Civ.R. 52." *Abney v. W. Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348, 352, citing *Stone v. Davis* (1981), 66 Ohio St.2d 74, 84–85, 20 O.O.3d 64, 70–71, 419 N.E.2d 1094, 1101; *Davis v. Wilkerson* (1986), 29 Ohio App.3d 100, 101, 29 OBR 112, 112–113, 503 N.E.2d 210, 211–212. We find that the record of the consent hearing,[10] coupled with the probate court's opinion, provides us with an adequate basis upon which to decide the legal issues presented in this case. Accordingly, we find that appellant was not denied due process when the probate court denied her request for separate findings of fact and conclusions of law.

Therefore, appellant's second assignment of error is overruled.

"Assignment of Error No. 3

"The trial court erred in determining that the natural mother had failed without justifiable cause to communicate with her child, as it lacked subject matter jurisdiction over the issue."

---

10. At the conclusion of the hearing, the probate court announced a lengthy opinion that detailed its reasons for finding appellant's consent was not necessary in the adoption of her son.

■ Appellant initially argues that the probate court lacked jurisdiction to adjudicate the issue of communication between appellant and her son.[11] However, the record clearly indicates that both appellant and appellee orally stipulated that the issue of communication was to be determined by the probate court at the October 12, 1995 hearing.

Although there are few decisions in Ohio as to oral stipulations, those decisions which have been rendered indicate that there can be oral stipulations between the parties which are binding on the parties if understood by them and relied upon by them. *Bispeck v. Battin Ins. Agency, Inc.* (June 7, 1985), Trumbull App. No. 3453, unreported, 1985 WL 10189, citing *Steadley v. Montanya* (1981), 67 Ohio St.2d 297, 21 O.O.3d 187, 423 N.E.2d 851; *Schwartz v. Leiser* (App.1957), 76 Ohio Law Abs. 222, 140 N.E.2d 1; *Peters Motors, Inc. v. Rodgers* (1954), 161 Ohio St. 480, 53 O.O. 366, 120 N.E.2d 80. See, also, *Whitten v. Munson Twp. Bd. of Trustees* (June 11, 1993), Geauga App. No. 92–G–1725, unreported, 1993 WL 418474. Therefore, we hold that appellant, in orally stipulating to the issue of communication, as well as producing evidence on that issue at the hearing, voluntarily waived any objection to the probate court's jurisdiction to hear that particular issue.[12]

■ Having determined that the trial court had jurisdiction to hear the issue of communication, we now address appellant's claim that she was unjustifiably prevented from communicating with her son in the year preceding the adoption petition.

■ Before the issue of justifiable cause can be reached, it is incumbent upon the petitioner to show that the natural parent failed to support or communicate with the child. See *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 166, 23 OBR 330, 332, 492 N.E.2d 140, 142; *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph two of the syllabus. The burden of proving that the natural parent has either failed to support or communicate with the child for the required one-year period and that the failure was without justifiable cause rests with the petitioner, who must do so by clear and convincing evidence. *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 105, 515 N.E.2d 919, 922–923; *Masa, supra,* at paragraph one of the syllabus.

---

11. The petition for adoption designated only the failure of appellant to financially support her son as the basis for not requiring her consent to the adoption.

12. We note that the record does not indicate that the stipulation was involuntary or that either party did not understand the ramifications of the stipulation. Moreover, evidence as to that issue was presented, and witnesses were cross-examined by both sides.

Once the petitioner has clearly and convincingly established that the natural parent has failed to support or communicate with the child for the one-year period, the burden of going forward with evidence to show some justifiable cause for the failure shifts to the natural parent, although the burden of proof remains with the petitioner. *In re Bovett, supra,* at paragraph two of the syllabus. The factual determination of whether justifiable cause exists rests within the discretion of the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. *In re Adoption of Lay* (1986), 25 Ohio St.3d 41, 42, 25 OBR 66, 67–68, 495 N.E.2d 9, 10–11; *In re Adoption of McDermitt* (1980), 63 Ohio St.2d 301, 306, 17 O.O.3d 195, 197–198, 408 N.E.2d 680, 683–684. Therefore, the probate court's judgment will not be reversed as being against the manifest weight of the evidence if we find it supported by some competent, credible evidence. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The record reveals that appellant has not had any communication with her son since December 1993.[13] Therefore, it is clear that appellant has had no communication with her son within one year prior to the adoption petition. While appellant does not dispute this fact, she maintains that her failure to communicate with her son was justified. Ohio courts have held that justification of a parent's failure to communicate with his child is shown when there has been "significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication." *Holcomb, supra,* 18 Ohio St.3d at 367–368, 18 OBR at 425, 481 N.E.2d at 620; *In re Adoption of Hupp* (1982), 9 Ohio App.3d 128, 9 OBR 192, 458 N.E.2d 878. Moreover, the question of whether "justifiable cause" exists in a particular case is a factual determination for the probate court and will not be disturbed on appeal unless such determination is unsupported by clear and convincing evidence. *Holcomb, supra,* paragraph three of the syllabus; *Masa, supra; In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 23 OBR 336, 492 N.E.2d 146.

The record shows that appellant failed to contact her son without reasonable cause. Nothing was done to conceal the child's whereabouts.[14] Although appellee and Mr. Fetzer did not make any effort to voluntarily allow appellant to visit

---

13. Several witnesses, including appellant, testified to that fact.

14. Appellant's own sister testified that she knew where the child lived and had access to appellee's phone number.

her son,[15] appellant never attempted to contact her son either in person or through any written communication.[16] Further, appellant never attempted to establish any visitation rights to her son until after the adoption petition was filed.[17] Therefore, we find that appellant was not prevented from communicating with her son during the year preceding the filing of the adoption petition.

Accordingly, appellant's third assignment of error is overruled.

"Assignment of Error No. 4

"The trial court erred to the prejudice of the natural mother, in determining that the natural mother had failed without justifiable cause to provide for the maintenance and support of her child, and the subsequent finding that the natural mother's consent was not necessary was against the manifest weight of the evidence."

The question of whether a natural parent's failure to support his or her child has been proven to be without justifiable cause is a determination for the probate court and will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Bovett, supra,* at paragraph four of the syllabus; *Masa, supra,* at paragraph two of the syllabus.

During the year preceding the adoption petition, appellant was employed at Meijer's in Lima, Ohio, for a two-month period. During that time, she made two payments of $10 each [18] to the Allen County Child Support Enforcement Agency. Appellee contends that since the payments were made to the wrong agency, and therefore were not received by appellee until one week before the October 12, 1995 hearing, such payments do not constitute support and maintenance of the child for the purposes of R.C. 3107.07. However, we find this contention to be without merit.

---

**15.** Mr. Fetzer testified at the hearing that he stopped visitations after his remarriage and failed to inform the child that he had a natural mother. While we may not condone Mr. Fetzer's actions regarding his son, we do not find such conduct rises to the level of interference that would justify appellant's lack of communication with her son in light of the fact that the record does not demonstrate that appellant ever attempted to contact her son in the two years preceding the probate hearing.

**16.** Appellant testified that she never sent any cards, letters, or gifts to her son because Mr. Fetzer's mother allegedly told her the child would never receive such items. However, as the probate court stated on the record, appellant should have at least tried to send those items.

**17.** The adoption petition was filed on July 13, 1995, and appellant filed a motion to establish visitation on July 27, 1995.

**18.** The first payment was made in October 1994 and the second was made in November 1994. Appellant quit her job at Meijer's soon after the second payment and has remained unemployed since.

■ Regardless of the delay in the receipt of the child support payments, evidence was produced at the hearing that the payments were indeed made in October and November 1994. Although the payments were made to the wrong agency,[19] the fact remains that appellant did attempt to financially support her child while she was working.[20]

■ Appellee maintains that such minimal payments should not justify appellant's lack of financial support throughout the rest of the year. However, under R.C. 3107.07(A), parental consent to adoption is not necessary in an adoption proceeding when the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. Having concluded that appellant failed to communicate with her son in the year preceding the adoption petition, we need not consider appellant's fourth assignment of error, as R.C. 3107.07 does not require a showing that the parent both failed to support and failed to communicate with his child. See *In re Adoption of McDermitt* (1980), 63 Ohio St.2d 301, 304, 17 O.O.3d 195, 196–197, 408 N.E.2d 680, 682–683 (holding that R.C. 3107.07[A] requires the showing of either a natural parent's failure to support his child or failure to communicate with his child in determining whether that parent's consent is necessary in an adoption proceeding). At the October 12, 1995 hearing, appellee proved that appellant unjustifiably failed to communicate with her son within the year preceding the adoption petition and, therefore, met her burden of proof under R.C. 3107.07.

Accordingly, appellant's fourth assignment of error is overruled.

Having found no prejudicial error to the appellant herein in any of the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

EVANS and THOMAS F. BRYANT, JJ., concur.

---

**19.** The payments should have been made in Van Wert, as that was where the divorce decree was issued.

**20.** So long as a parent complies with her duty to support the child for any period during the one year immediately preceding the petition, then she has not failed to support as required by law. See *In re Adoption of Anthony* (1982), 5 Ohio App.3d 60, 5 OBR 156, 449 N.E.2d 511.