OPINION
Petitioners-Appellants, Daniel and Cynthia Riegle ("Appellants"), appeal a decision by the Hancock County Common Pleas Court, Probate Division, dismissing their petition for the adoption of Michael Shane Stevens upon finding that the consent of the child's father, Respondent-Appellee, Leo Pollard ("Appellee"), was required for the adoption.
Appellants contend on appeal that Appellee was not justified in his failure to support and communicate with the child during the year preceding the filing of the adoption petition. We disagree. The trial court's finding that Appellee's attempt to communicate with his son during the statutory period was significantly hindered by Appellants and that Appellee was unable to support his child because of a limited income is supported by the evidence; consequently, we find that the trial court's determination was not against the manifest weight of the evidence and does not require reversal.
The facts leading to this appeal are as follows. Upon the entry of a default judgment in a 1992 parentage proceeding, Leo Pollard was determined to be the father of Michael Shane Stevens and was ordered to pay child support to the child's mother and custodial parent, Mary Jo Stevens. Following Mary Jo's death in 1999, the Hancock County Common Pleas Court, Probate Division, appointed Michael Shane Stevens' maternal grandmother as the child's legal guardian.
Subsequently, Appellants were appointed the child's guardians when the child's grandparents became unable to provide for his necessary care. Appellants then filed a petition for adoption in the Hancock County Common Pleas Court, Probate Division, on April 25, 2001. Thereafter, a hearing was held to determine whether Appellee's consent to the adoption was necessary, pursuant to R.C. 3107.07(A). Appellants alleged that consent was not required because Appellee failed to communicate with or support his son for the one-year period prior to the date of Appellants' adoption petition.
At trial, the parties stipulated that Appellee failed to communicate with or support his son for the statutory period; therefore, the only issue remaining to be decided was whether Appellee's failure was justified. The trial court found by clear and convincing evidence that Appellee was justified both in his failure to support and to communicate with his child and, consequently, that Appellee's consent was required for the adoption. Because Appellee refused to consent to the adoption, the trial court dismissed the adoption petition.
From the trial court's dismissal of the adoption petition, Appellants bring this appeal and assert the following two assignments of error for our review. For purposes of brevity and clarity, we will be discussing them together.
 Assignment of Error I The trial court erred in finding that receipt of SSI benefits was justifiable cause under R.C. 3107.07(A) for parent's failure to provide maintenance and support which required parent's consent to adoption.
Assignment of Error II
 The trial court erred in finding that there was justifiable cause under R.C. 3107.07(A) for parent's failure to communicate with minor child which required parent's consent to adoption.
Appellants assert on appeal that Appellee's consent to the adoption of his son was not required, pursuant to R.C. 3107.07(A), because Appellee failed without justifiable cause to communicate with or support his son for the year prior to Appellants' filing of the adoption petition. R.C.3107.07(A) states the following:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
Pursuant to R.C. 3107.07(A), petitioners for adoption have the burden of proving, by clear and convincing evidence, both 1) that the natural parent has failed to support or communicate with the child for the requisite one-year period and 2) that this failure was without justifiable cause.[1] Once the petitioner has established that the natural parent has failed to support or communicate with the child for the requisite time, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure; however, the burden of proof remains with the petitioner.[2]
This burden of proof, while often difficult to overcome, ensures deference to the legislature's intended protection of the fundamental liberty interest of natural parents in the care, custody, and management of their children.[3]
The question of whether a natural parent's failure to support or communicate with a child for the statutory time has been without justifiable cause is a determination generally reserved to the probate court because it is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony.[4] Additionally, such a determination will not be disturbed on appeal unless it is against the manifest weight of the evidence.[5] A judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.[6]
Because the parties, herein, did not dispute that Appellee had not supported or communicated with his son throughout the statutorily prescribed time period, the only determination to be made by the trial court was whether Appellee's failure to support or communicate with the child was justified. With regard to Appellants' contention that Appellee was unjustified in not supporting his child, uncontroverted testimony revealed that Appellee's income is derived solely from supplemental security income benefits ("SSI"). Further testimony indicated that Appellee was informed by the Child Support Enforcement Agency that since his only income derived from SSI, he would not be required to make support payments. Thus, because Appellants did not fulfill their burden of proof by refuting this evidence and because competent, credible evidence supports the trial court's decision, we find that the trial court's determination that Appellee's failure to support his child was justified does not contravene the manifest weight of the evidence presented at trial. Accordingly, Appellants' first assignment of error is overruled.
Appellants claim in their second assignment of error that Appellee's failure to communicate with his son during the one-year statutory period was not justified. Justification of a parent's failure to communicate with his child is shown when there has been "significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication."[7]
Appellee testified before the trial court that he was not provided with any information as to a change in his son's whereabouts upon the death of Mary Jo Stevens and did not know of her death until he contacted the Child Support Enforcement Agency. Further testimony indicated that after learning of Mary Jo's death, Appellee called his son's maternal grandparents in order to locate him but was informed that custody had transferred to Appellants. Appellee was given Appellants' name by the child's maternal grandfather, but all other information regarding his son was refused. Appellee's wife was eventually able to obtain Appellants' phone number, and he attempted to contact his son during the statutory period. When Appellee placed the call, however, Appellants did not allow him to communicate with his son but, instead, referred Appellee to their attorney. Appellee's testimony in this regard was corroborated by both Appellants and the child's grandparents.
This Court has held that the refusal of communication on one occasion by the custodians of a child and their failure to provide the father with information as to the child's whereabouts upon a change of residence may constitute sufficient interference to preclude an adoption without the non-custodial parent's consent.[8] Moreover, once Appellee presented evidence of significant interference or discouragement of communication, it became necessary for Appellants to demonstrate that his failure to communicate was not justified. Without any evidence to refute Appellee's allegation of significant interference, we are unable to find that the probate court erred in finding that Appellee's failure to communicate was justified. Therefore, because competent, credible evidence supports the trial court's determination that Appellants' interference justified Appellee's failure to communicate with his child during the statutory period, the trial court's decision was not against the manifest weight of the evidence. Accordingly, Appellants' second assignment of error is also overruled.
Having found no error prejudicial to Appellants herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus; In re Fetzer (1997), 118 Ohio App.3d 156, 164.
[2] In re Adoption of Bovett, 33 Ohio St.3d at paragraph two of the syllabus; In re Fetzer, 118 Ohio App.3d at 164-65.
[3] Santosky v. Kramer (1982), 455 U.S. 745, 753.
[4] In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 367.
[5] In re Adoption of Bovett, 33 Ohio St.3d at paragraph four of the syllabus; In re Adoption of Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus; In re Adoption of Lay (1986), 25 Ohio St.3d 41, 42; Inre Fetzer, 118 Ohio App.3d at 165.
[6] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
[7] In re Fetzer, 118 Ohio App.3d at 165, quoting In re Adoption ofHolcomb, 18 Ohio St.3d at 367-68. See, also, In re Adoption of Hupp
(1982), 9 Ohio App.3d 128.
[8] In re Adoption of Youngpeter (1989), 65 Ohio App.3d 172, 177.