OPINION
Respondents-Appellants, Terry and Kara Workman, appeal a decision by the Crawford County Common Pleas Court, Probate Division allowing the adoption of their son by Petitioners-Appellees, Jerry and Alison Allonas ("Appellees"), to proceed without parental consent pursuant to R.C.3107.07(A). Terry and Kara argue on appeal that the trial court should not have allowed the adoption of their son to proceed without their consent because child support totaling $117.70 was paid to Appellees, pursuant to a wage withholding through Kara's employer, during the one-year period prior to filing the adoption petition. Because even a minimal contribution toward child support, regardless of how received, satisfies the maintenance and support requirements of R.C. 3107.07(A), we are compelled to rule that the natural parents' consent is required before Appellees can proceed with adoption.
Facts and procedural history pertinent to this appeal are as follows. On February 19, 1999, Appellees were awarded custody of their grandson, Trey. Trey's parents, Terry and Kara Workman, were both ordered to pay fifty dollars per month in child support pursuant to wage withholding through the Crawford County Child Support Enforcement Agency ("CSEA"). Moreover, Terry and Kara were required to notify the CSEA of any changes in their address or employment and to maintain health insurance coverage for the child. Since this determination, Terry and Kara have held numerous jobs, have moved frequently, and, for the majority of the time, have failed to keep the CSEA abreast of their whereabouts and employment status.
On June 28, 2000, Appellees filed a petition for adoption, alleging that the consent of Terry and Kara was not required pursuant to R.C.3107.07(A) because the parents had failed to support their child for the one-year period prior to the date of Appellees' adoption petition. A hearing on the matter was held on January 30, 2001, and the trial court found that while $117.70 in child support had been paid pursuant to a wage withholding order through Kara's employer, the amount was inadequate and no justification was presented to render the parents' consent necessary for the adoption of Trey.
From this decision, Terry and Kara appeal, asserting two assignments of error for our review. Because our discussion of the first assignment of error is dispositive of this appeal, we decline to address the second.
 Assignment of Error I The trial court erred in finding that the appellants-parents had failed without justifiable cause to provide for the maintenance and support of their child, such that their consent to the adoption was no longer necessary.
Terry and Kara assert on appeal that their consent to the adoption of Trey was required, pursuant to R.C. 3107.07(A), because child support had been provided during the year prior to Appellees' filing of the adoption petition. R.C. 3107.07(A) states the following:
 "Consent to adoption is not required of any of the following:
 "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
Pursuant to R.C. 3107.07(A), petitioners for adoption have the burden of establishing, by clear and convincing evidence, both 1) that the natural parents have failed to support or communicate with the child for the requisite one-year period, and 2) that this failure was without justifiable cause.[1] Once the petitioner has established that the natural parents have failed to support or communicate with the child for the requisite time, the burden of going forward with the evidence shifts to the natural parents to show some facially justifiable cause for such failure; however, the burden of proof remains with the petitioner.[2]
This burden of proof, while often difficult to overcome, ensures deference to the legislature's intent to protect the fundamental liberty interest of natural parents in the care, custody, and management of their children.[3]
The question of whether the natural parents' failure to support or communicate with a child for the statutory time has been without justifiable cause is a determination generally reserved to the trial court because it is in the best position to observe the demeanor of the parties, to access their credibility, and to determine the accuracy of their testimony.[4] Additionally, such a determination will not be disturbed on appeal unless it is against the manifest weight of the evidence.[5] A judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.[6]
In this case, during the year immediately preceding the filing of the petition for adoption, Appellees received a total of $117.70 pursuant to wage withholdings from Kara's employer. Although child support was not paid continuously for the entire year, some support was actually paid and that is sufficient to require consent for adoption.[7] Ohio courts and this court have repeatedly held that any contribution toward child support, even if minimal, satisfies the maintenance and support requirements of R.C. 3107.07(A).[8] Moreover, despite Appellees' contention that payments made pursuant to wage withholdings do not constitute voluntary payment and thus should not be considered, we agree with the rationale of the Sixth District Court of Appeals, in In reAdoption of Kessler, when it noted:
 "To hold that a court may terminate parental rights based upon an amorphous notion of the degree of the voluntariness of the support would be to chart a perilous course. * * *.
 "Today, the methods are many and varied for collecting and paying child support. How do we draw the line in determining whether a payment was voluntary, somewhat voluntary, somewhat involuntary, or involuntary? The answer is simple: we do not."[9]
Accordingly, the $117.70 wage withholding constitutes support paid during the preceding year; therefore, R.C. 3107.07(A) has not been satisfied, and the trial court's contrary finding is against the manifest weight of the evidence. Consequently, we find that the trial court erred in proceeding beyond the conclusion that support had been paid and concluding that the natural parents' consent was not necessary for the adoption of their child. As such, Terry and Kara's first assignment of error is hereby sustained.
Having found error prejudicial to Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and the matter is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] In re Adoption of Bovett (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus; In re Fetzer (1997), 118 Ohio App.3d 156,164, 692 N.E.2d 219.
[2] In re Adoption of Bovett, 33 Ohio St.3d at paragraph two of the syllabus; In re Fetzer, 118 Ohio App.3d at 164-65.
[3] Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388,71 L.Ed.2d 599.
[4] In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 367, 18 OBR 419, 481 N.E.2d 613.
[5] In re Adoption of Bovett, 33 Ohio St.3d at paragraph four of the syllabus; In re Adoption of Masa (1986), 23 Ohio St.3d 163, 23 OBR 330,492 N.E.2d 140, paragraph two of the syllabus; In re Adoption of Lay
(1986), 25 Ohio St.3d 41, 42, 25 OBR 66, 495 N.E.2d 9; In re Fetzer,118 Ohio App.3d at 165.
[6] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578.
[7] In re Adoption of Hughes (June 29, 1988), Logan App. No. 8-87-3.
[8] Id; Matter of Metzger (Aug. 31, 1989), Marion App. No. 9-88-48; Inre Adoption of Kessler (1993), 87 Ohio App.3d 317, 322, 622 N.E.2d 354;Celestino v. Schneider (1992), 84 Ohio App.3d 192, 196, 616 N.E.2d 581;In re Adoption of Salisbury (1982), 5 Ohio App.3d 65, 67, 5 OBR 161,449 N.E.2d 519.
[9] In re Adoption of Kessler, 87 Ohio App.3d at 323.