OPINION
{¶ 1} This is a consolidated appeal from the judgments of the Logan County Court of Common Pleas, Probate Division, which denied plaintiff-appellant, Kimberly Wall's ("Wall"), petition to set aside the adoptions of her two biological children by defendant-appellee, Mica Miller ("Mica").
 {¶ 2} Bayley Mae Miller, born 12-9-95, and Macaleb Ann Miller, born 10-22-97, are the biological children of Marcus Miller and Wall. Marcus and Wall were never married. In September of 1998, upon ending their relationship, Wall agreed to give Marcus custody of the two children. Wall was ordered to pay child support through the Allen County Child Support Enforcement Agency. Subsequently, Marcus married Mica. Wall's last visit with the children and last contact with Mica was in the latter part of 1998. Wall never paid child support through the Child Support Enforcement Agency.
 {¶ 3} On April 17, 2000, with the consent of Marcus, Mica filed petitions to adopt Macaleb and Bayley. Between September 1998 and the filing of the petition, Wall either lived or received mail at nine different addresses in the following cities: Bellefontaine, Ohio; Lima, Ohio; Bluffton, Ohio; Jacksonville, North Carolina; Macon, Georgia; and Juliette, Georgia. Mica and the children have lived at the same address in Bellefontaine, Ohio, during this time period. Mica filed an affidavit with the adoption petition which stated that the last address she had for Wall was Mad River Street in Bellefontaine, Ohio, the address of Wall's boyfriend in 1998. The affidavit further stated that Mica had "no idea of the whereabouts" of Wall. At the time the petition was filed, Wall was living in Georgia. Constructive notice was provided through service in the Bellefontaine Examiner April 20, 27 and May 4, 11, 18, 25 2000. Wall did not respond to the petition. On July 7, 2000, the trial court stated that the consent of Wall was not necessary because Wall failed to communicate and support the children and consequently, ordered the adoption of both Macaleb and Bayley by Mica. In August of 2000, one month after the adoption was finalized, Mica informed Wall's mother, Sharon Wall, that Mica had adopted the children. Wall's mother then told Wall. Sixteen months later, on January 16, 2002, Wall filed a motion to set aside the adoptions of both children claiming that Mica had fraudulently procured the adoption of Wall's children without her consent when Mica asserted in her affidavit that she did not know the whereabouts of Wall.
 {¶ 4} On April 23, 2002, the trial court held a hearing on the matter. Testimony was heard from several witnesses including Mica and Wall. On June 28, 2002, the trial court denied the motion to set aside the adoptions. Walls now appeals asserting a single assignment of error.
Assignment of Error
 {¶ 5} "The single assignment of error No. 1 is that the Probate Court of Logan County committed error in its order refusing to set aside the adoptions of Bayley Mae Miller and Macaleb Ann Miller, minor children, that the Court's finding is against the weight of the evidence and not supported by case law."
 {¶ 6} While not titled as such, the petitioners motion to set aside the adoption appears to be a Civ.R. 60(B) motion for relief from judgment. The Ohio Supreme Court has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 7} R.C. 3107.16(B) provides "upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground including * * * failure to give any required notice * * * unless * * * in the case of the adoption of a minor by a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse." (Emphasis added.)
 {¶ 8} Wall argues that In re Adoption of Knipper (1986),30 Ohio App.3d 214, is determinative in the present case. In Knipper, the court found the one-year time limit in R.C. 3107.16(B) unconstitutional as applied to the biological mother because the adoptive parent failed to use reasonable diligence to discover the biological mother's address and provide notice prior to the adoption of the child. However, the court inKnipper does not indicate whether the biological mother had knowledge of the adoption within the one-year statute of limitations prescribed in R.C. 3107.16(B). In this case, Wall admits that she was notified in August of 2000 that Mica had verbally represented to Wall's mother that Mica had adopted the children. However, Wall chose not to investigate the claim at that time and waited sixteen months before challenging the adoptions which placed her petition outside the statute of limitations.
 {¶ 9} We find Wiley v. Rutter (October 12, 1983) Tuscarawas App. No. 1772 and In re Adoption of Moore (August 15, 1989) Franklin App. No. 88AP-746 more applicable to the present case. In these cases, the biological parents while allegedly not aware of the filing of the adoption petitions, were given notice of the adoptions within the one year period following the adoptions. However, like Wall, the biological parents waited until after the statute of limitations had passed to file a petition to set aside the adoption.
 {¶ 10} In Wiley, the trial court stated "Although we would have been gravely troubled by the constitutionality of a statute that would purport to deny a party a substantial legal right without some form of legal notice, we are not so disposed when the party, in fact, has actual knowledge of an event that has transpired in history. Upon this state of facts, the application of the one-year statute of limitations, R.C.3107.16(B) represents a reasonable legislative act, and does not run afoul of constitutional prohibitions. This is particularly underscored when it is recognized that the primary object of the dependency or neglect proceedings resulting in permanent custody orders, and the ultimate adoption, focuses on the child and his rights."
 {¶ 11} In Moore, the biological father was informed that his daughter had been adopted eighteen days before the one-year statute of limitations expired. The court stated "' The adoption decree is sui generis because it closely concerns the life of someone other than the contending parties, the child. A rule that an individual's right to set aside a judgment entered without jurisdiction over him cannot be cut off by lapse of time * * * does not and should not apply to the case where interests exist superior to those of the party whose rights are terminated.' (quoting Rodriguez v. Koschny (1978), 373 N.E.2d 47, 51) * * * [T]he fundamental interest in all cases is the need for certainty and stability that is promoted by R.C. 3107.16(B). To allow a collateral attack upon an adoption decree in the case before the court could only be destructive of the laudable policies promoted by this section of the code."
 {¶ 12} In Moore, the court declined to address the constitutionality of R.C. 3107.16(B) because there were sufficient legal grounds for affirming the trial court. See Greenhills Home Owners Corp.v. Greenhills (1966), 5 Ohio St.2d 207. For the same reason, we decline to address the constitutionality of R.C. 3107.16(B).
 {¶ 13} Furthermore, we note that R.C. 2721.12 requires a party challenging the constitutionality of a statute to serve a copy of the complaint to the attorney general so as to give her an opportunity to be heard. A court lacks jurisdiction to render declaratory relief if the requirements in R.C. 2721.12 are not met. Cicco v. Stockmaster (2000),89 Ohio St.3d 95, 100. "When the Attorney General does not receive notice until after the trial court has rendered judgment or the case has been appealed, the party who is challenging a statute's constitutionality has failed to meet the mandates of R.C. 2721.12." Id. See, also, Harmon v.Adams (Feb. 16, 2001), Union App. No. 14-2000-33. In this case, Wall failed to provide the attorney general with any notice of a constitutional challenge and therefore we are prohibited from considering the matter further.
 {¶ 14} In the alternative, Wall argues that she was not restrained by R.C. 3107.16(B)'s one year statute of limitations because Mica perpetrated fraud on the court when she claimed that she was unable to locate Wall. We disagree. Wall testified that Mica was aware that Wall's address in 1998 was on Franklin Street in Lima, Ohio and that while Wall received some mail and spent the night in Bellefontaine occasionally, she did not live at the Madriver Street address. However, Wall also testified that she moved from the Franklin Street address in late 1998 and lived in Georgia at the time the adoption petitions were filed. Wall also testified that she sent letters to the children that gave her address, however, no evidence was presented that these letters were ever received. Finally, Mica testified that the last address Wall gave her in 1998 was on Madriver Street in Bellefontaine, Ohio.
 {¶ 15} Wall also alleges that Mica could have located Wall through Wall's immediate family members. Wall testified that Mica knew where Wall's mother, father and sister lived and that each of these members of her family has a phone number that is listed in the telephone directory. However, Wall also testified that her mother, father and sister had moved between 1998 and the time the petition was filed in 2000 and that her mother's name was listed in the phone book as S.K. Wall rather than Sharon Wall. Additionally, Mica testified that she drove by the address she had for Wall's mother and father, but that each party had since moved and that she did not know Wall's sister's last name nor where she was living at the time the adoption petition was filed. Based on the foregoing, the trial court found that "[e]ven though petitioner could have made a couple a phone calls to try and locate the mother of the movant, this does not rise to the level of fraud." Under these circumstances, we cannot find that the trial court abused its discretion when it found that no fraud had been committed.
 {¶ 16} However, even had the trial court found that Mica perpetrated fraud, Wall would have had to prove that she would have succeeded but for that fraud. R.C. 3107.07(A) provides "Consent to adoption is not required of * * *[a] parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year * * * the filing of adoption petition." Furthermore, a petitioner must only establish that the parent has failed to communicate or failed to support the child, not both. In re Adoptionof McDermitt (1980), 63 Ohio St.2d 301, 304. In re Fetzer (1997),118 Ohio App.3d 156, 167 (having found that the biological mother failed to communicate with the child, there was no need to consider whether she had supported the child since proof of one is all that is needed to avoid obtaining the biological mother's consent)
 {¶ 17} In this case, the parties stipulated that Wall did not make any child support payments as ordered by the custody agreement for the year preceding the filing of the adoption petition. Furthermore, Wall failed to provide any reason for her failure to provide such support. Additionally, Wall has not seen the children since 1998 and could not provide any proof that letters, Christmas gifts and money orders she allegedly sent in the year preceding the adoption were actually sent to or received at the Miller home. Consequently, even if Wall had been present at the adoption hearing, her consent would not have been needed for Mica to adopt the children. Therefore, in order to challenge the adoption of Macaleb and Bayley, Wall was required to have filed her objections within the one year following the adoption of the children, which she failed to do.
 {¶ 18} Based on the foregoing, we cannot find that the trial court abused its discretion in denying Wall's motion to set aside the adoption decrees. Consequently, Wall's assignment of error is overruled and the judgments of the trial court are affirmed.
Judgments affirmed.
BRYANT, P.J., and WALTERS, J., concur.