OPINION
{¶ 1} Appellant Christopher Canterbury (hereinafter "Canterbury") appeals the October 10, 2005 judgment of the Hancock County Court of Common Pleas, Probate Division, which found Roger Rodabaugh (hereinafter "Rodabaugh") could adopt Canterbury's son, Mac Canterbury (hereinafter "Mac"), without Canterbury's consent. Because the probate court did not err in determining Canterbury's failure to support his child was not justifiable, we affirm.
 {¶ 2} Canterbury is Mac's natural father, and Sabrina Durain, nka Rodabaugh (hereinafter "Sabrina"), is Mac's natural mother. Canterbury and Sabrina were not married when Mac was born. Consequently, the Hancock County Court of Common Pleas, Juvenile Division, ordered Canterbury to pay Sabrina child support in the amount of $444.95 per month. Rodabaugh married Sabrina shortly after the juvenile court entered the support order.
 {¶ 3} Canterbury complied with the support order for a period of time. But Canterbury stopped paying child support on June 23, 2004. As a result, the Hancock County Child Support Enforcement Agency (hereinafter "CSEA") filed a contempt action in the juvenile court. Sabrina subsequently asked CSEA to stop that proceeding. CSEA then filed a motion to dismiss the action, and the juvenile court granted CSEA's motion.
 {¶ 4} On June 27, 2005, Rodabaugh filed a petition to adopt Mac in the Hancock County Probate Court. Canterbury refused to consent to the adoption. However, Rodabaugh asserted the adoption could proceed without Canterbury's consent.
 {¶ 5} The probate court held a hearing on the issue. Following the hearing, the probate court found Canterbury failed to pay child support for a period of more than one year immediately preceding the filing of the adoption petition. The probate court further found Canterbury's failure to pay during that time was not excused by "justifiable cause." Based on these findings, the probate court determined Rodabaugh could adopt Mac without Canterbury's consent.
 {¶ 6} It is from this decision that Canterbury appeals and sets forth a single assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred and abused its discretion in its rulingherein when it determined that the natural father-appellantfailed to provide maintenance or support for his child for aperiod of at least one year immediately preceding the petitionfor adoption filed June 27, 2005 and that his failure to paysupport was without justification which said ruling was againstthe manifest weight of the evidence.
 {¶ 7} In his sole assignment of error, Canterbury argues "justifiable cause" exists for his failure to pay child support between June 23, 2004 and June 27, 2005. From this premise, Canterbury concludes the adoption could not proceed without his consent. For the reasons that follow, we find Canterbury's assignment of error lacks merit.
 {¶ 8} A probate court cannot ordinarily grant a petition to adopt a minor child unless the natural parent consents in writing. R.C. 3107.06. But under R.C. 3107.07, the natural parent need not consent when:
(A) [I]t is alleged in the adoption petition and the courtfinds after proper service of notice and hearing, that the[natural] parent has failed without justifiable cause tocommunicate with the minor or to provide for the maintenance andsupport of the minor as required by law or judicial decree for aperiod of at least one year immediately preceding either thefiling of the adoption petition or the placement of the minor inthe home of the petitioner.
 {¶ 9} An adoption petitioner proceeding under R.C. 3107.07(A) must establish, by clear and convincing evidence, (1) the natural parent failed to support the child for the requisite one-year period, and (2) the natural parent lacked "justifiable cause" for doing so.[1] In re Adoption of Bovett (1987),33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus, citingIn re Adoption of Masa (1986), 23 Ohio St.3d 163,492 N.E.2d 140, paragraph one of the syllabus; In re Fetzer (1997),118 Ohio App.3d 156, 164, 692 N.E.2d 219. Once the adoption petitioner establishes the natural father's failure to support his child, the natural parent must demonstrate some facially "justifiable cause" for doing so. Bovett, 33 Ohio St.3d 102, paragraph two of the syllabus; Fetzer,118 Ohio App.3d at 164-165. Notably, however, the ultimate burden of proof remains with the adoption petitioner. Id.
 {¶ 10} In this case, Canterbury does not challenge the trial court's finding that he did not pay child support for a period of more than one year immediately preceding the filing of the adoption petition. Thus, the determinative issue on appeal is whether Canterbury's failure to pay during that time was excused by "justifiable cause."
 {¶ 11} Whether "justifiable cause" exists under R.C.3107.07(A) is generally a question for the probate court.Bovett, 33 Ohio St.3d 102, paragraph four of the syllabus, citing Masa, 23 Ohio St.3d 163, paragraph two of the syllabus. As such, this court will not reverse the probate court's decision unless it is against the manifest weight of the evidence. Id. A judgment is against the manifest weight of the evidence if it is not supported by some competent, credible evidence. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273;C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 280, 376 N.E.2d 578.
 {¶ 12} Canterbury argues "justifiable cause" exists because he thought the dismissal of the contempt proceeding relieved him of his obligation under the support order. However, Canterbury testified at the consent hearing that no person or judicial entity ever told him the dismissal terminated the order. Given this fact, we find, as did the probate court, that the record does not support Canterbury's argument. Therefore, we cannot say Canterbury's alleged misunderstanding rises to the level of "justifiable cause."
 {¶ 13} Additionally, Canterbury argues "justifiable cause" exists because Sabrina asked to dismiss the contempt action in order to avoid receiving subsequent child support payments. Sabrina did so, Canterbury argues, to increase Rodabaugh's chance under R.C. 3107.07(A) to adopt Mac without Canterbury's consent.
 {¶ 14} CSEA filed the contempt action to force Canterbury to pay child support. But the payment of Canterbury's child support obligation did not depend on the outcome of that proceeding. Canterbury knew of the support order, and he could have preserved his right to refuse consent by paying his obligation voluntarily. We are, therefore, unable to say Sabrina's request to dismiss the contempt proceeding was of any consequence. Thus, Sabrina's actions in no way justified Canterbury's failure to pay.
 {¶ 15} After reviewing the record, we find Rodabaugh satisfied his burden of proof. We further find the probate court's decision to be supported by competent, credible evidence. We must, therefore, conclude the probate court did not err when it determined Rodabaugh could adopt Mac without Canterbury's consent.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the probate court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] An adoption may also proceed without consent if the natural parent failed to communicate with the child. R.C. 3107.07(A). Canterbury's failure to communicate with Mac is not at issue in this case. But for purposes of clarity, we note the adoption petitioner need only establish the failure to communicate or
the failure to support, not both. In re Adoption of Miller, 3d Dist. Nos. 8-02-22, 8-02-23, 2003-Ohio-718, at ¶ 16.