STEADLEY, APPELLANT, *v.* MONTANYA, APPELLEE.

[Cite as Steadley v. Montanya (1981), 67 Ohio St. 2d 297.]

(No. 80-1260—Decided July 22, 1981.)

*Diemert, Schmidlin & Dyson Co., L.P.A., Mr. Joseph W. Diemert, Jr., Mr. L. James Juliano, Jr.,* and *Mr. Raymond J. Schmidlin,* for appellant.

*Meyers, Stevens & Rea Co., L.P.A., Mr. Richard F. Stevens, Mr. Reginald P. Trubey, Jr.,* and *Mr. Joseph G. Schneider,* for appellee.

McCORMAC, J.  The first issue is whether a timely appeal was taken from the trial court's judgment.

App. R. 4(A) requires that a notice of appeal be filed with the clerk of the trial court within 30 days of the entry of the judgment appealed from. The running of the time for filing the notice of appeal is suspended by a timely motion for a new trial under Civ. R. 59 and is to be computed from the entry of the order granting or denying the motion. The trial court overruled defendant's motion for new trial on March 15, 1979, which is the date upon which the 30 days for filing a notice of appeal from the judgment of December 4, 1978, would commence running. However, on May 15, 1979, defendant moved to vacate the judgment entry of March 15, 1979, on the basis that no notice had been received of the judgment and that the trial court had orally promised defendant that he would hold an oral hearing upon the motion prior to ruling thereon. The trial court sustained the motion to vacate and scheduled an oral hearing, after which the trial court again entered judgment overruling the motion for a new trial. An appeal was taken within 30 days of that order.

The notice of appeal is jurisdictional. The Court of Appeals had no jurisdiction to consider the merits of the judgment of December 4, 1978, unless the trial court's order vacating the judgment of March 15, 1979, was proper.

The trial court did not abuse its discretion in vacating the

judgment of March 15, 1979. Civ. R. 60(B) may not be used as a substitute for a timely appeal or to accommodate a party by extending the normal period for appeal. *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40; *McCue* v. *Insurance Co.* (1979), 61 Ohio App. 2d 101. However, a judgment may be vacated for a valid reason demonstrated on the record that falls within the guidelines of Civ. R. 60(B), even if the effect is to extend appeal time. The trial judge vacated the judgment of March 15, 1979, because he had orally promised the moving attorney to grant an oral hearing on the motion for new trial prior to ruling thereon. Moreover, notice was not given to defendant of the ruling of March 15, 1979, due to an oversight by the court. While there is no requirement under the Ohio Rules of Civil Procedure to give a party actual notice of the filing of a judgment entry, *Town & Country Drive-In Shopping Centers, Inc.*, v. *Abraham* (1975), 46 Ohio App. 2d 262, the failure of the court to give notice of a judgment is a basis for finding that the motion for relief from judgment pursuant to Civ. R. 60(B) was timely. There was also a valid reason for vacating the premature judgment overruling the motion for a new trial. The trial judge acknowledged that he had orally promised defendant an oral hearing prior to ruling on the motion. While oral promises made by the court to a party not put on the record should be avoided, neither should a breach of a relied upon promise be permitted to deny the party its appeal. *Schwartz* v. *Leiser* (Ct. App. 1957), 76 Ohio Law Abs. 222.

The judgment was vacated to rectify the breach of an oral promise by the trial court relied upon by defendant, rather than as a subterfuge to accommodate defendant as a means to circumvent the jurisdictional time for filing a notice of appeal. The record indicates that the trial court conducted an oral hearing in good faith prior to reentering judgment overruling the motion for new trial.

Appellant's first proposition of law is overruled.

Appellant next asserts that the Court of Appeals erred when it granted a new trial to defendant on the grounds that the trial court failed to instruct the jury concerning contributory negligence.

Contributory negligence was pleaded as a defense and an instruction upon contributory negligence was requested of and

denied by the trial court. If there was sufficient evidence to find contributory negligence, a charge on the issue should have been given to the jury for its consideration. On the other hand, the court should not charge the jury on an issue, even though pleaded, if not supported by the evidence. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215.

Testimony concerning liability was brief. The accident occurred at an intersection controlled by a traffic light. Plaintiff testified that she entered the intersection on a green light and was struck by defendant's vehicle. Defendant testified that she entered the intersection under a yellow light, which had probably turned red before the collision. (Although plaintiff and the police officer investigating the accident both testified that defendant stated at the scene of the accident that she had run the red light, defendant stated that they were mistaken and that she had meant that the light was probably red at the time of the collision.) For the purposes of the application of a charge on contributory negligence, it must be assumed that the jury could believe defendant's testimony that she entered the intersection on a yellow light.

There was no testimony of any failure on the part of defendant to exercise caution after entering the intersection on the yellow light. Defendant stated that she was travelling 35 miles per hour, the speed limit at the location where the accident occurred, and that the light turned yellow immediately prior to entering the intersection.

The trial court, in substance, charged the jury that defendant was negligent if defendant entered the intersection on a red light and that plaintiff was negligent, although entering the intersection on a green light, if she failed to yield the right-of-way to any vehicle already lawfully within the intersection at the ·time that the green light was first exhibited to her. There was no objection concerning these charges. Defendant's request for a contributory negligence charge was founded on the proposition that a jury might reasonably find that defendant entered the intersection on a yellow light but failed to use caution in due regard for the safety of plaintiff's vehicle while proceeding through the intersection and that plaintiff was contributorily negligent in failing to yield the right-of-way to defendant's vehicle which was lawfully within the intersection

at the time the green light was exhibited. The trial court rejected the contributory negligence charge for the following reason:

"With respect to the contributory negligence issue I thought then, and still do, it was impossible, physically impossible for there to be dual negligence based upon the evidence that was presented, so, that the interjection of a charge on contributory negligence would have invited nothing but pure speculation.

"The evidence was such, and the charge was geared to the evidence that either one, but not both of these two drivers was negligent."

The Court of Appeals reversed the trial court on the basis that the jury may have been precluded from finding defendant lawfully within the intersection on a yellow light, yet negligent for failure to use due caution, while at the same time finding the plaintiff contributorily negligent for failure to yield the right-of-way to defendant's car, stating that there was some evidence to support this finding. The Court of Appeals did not state what that evidence was.

The trial court did not err in rejecting the requested contributory negligence charge. There was no evidence, either direct or implied, to support a finding that defendant failed to exercise caution after entering the intersection on a yellow light. According to defendant's testimony, she was preceding 35 miles per hour when she entered the intersection and the accident happened immediately thereafter. Her own testimony refutes any opportunity on her part to avoid another vehicle by proceeding more cautiously at that point. As the trial court noted, the jury would have to speculate to find contributory negligence.

Appellant's second proposition of law is sustained.

Appellant finally asserts that, if there is to be a new trial and contributory negligence is to be considered, comparative negligence should be applied pursuant to R. C. 2315.19, which was effective June 20, 1980. That issue is moot; proposition of law number three is overruled.

Appellant's motion for rejection of cost of the supplemental record is moot and is overruled.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., W. BROWN and P. BROWN, JJ., dissent.

McCORMAC, J., of the Tenth Appellate District, sitting for C. BROWN, J.

PAUL W. BROWN, J., dissenting.   In pertinent part, App. R. 4(A) states: "In a civil case the notice of appeal * * * shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from." Clearly, this requirement was not satisfied in the instant cause. Appellee, however, seeks to avoid the operation of App. R. 4(A) on the basis of an oral understanding between her and the trial judge. The essence of this understanding or "promise" was that the trial court would hold a hearing on appellee's motion for new trial prior to ruling thereon. The majority holds that the failure of the trial judge to fulfill this promise is sufficient basis upon which to grant relief to appellee. I disagree.

My reasons for dissenting herein are several. First, as the majority correctly notes, a motion to vacate a judgment, pursuant to Civ. R. 60(B), may not be used as a means of circumventing the requirements of App. R. 4(A). *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40; *McCue* v. *Buckeye Union Ins. Co.* (1979), 61 Ohio App. 2d 101. Second, there is no provision in Civ. R. 59 that the court, under the facts in the instant cause, is required to hold an oral hearing on a motion for a new trial. Third, although appellee received no notice of the court's judgment entry of March 15, 1979, such fact is immaterial, since, under Ohio law, no such notice is required. Fourth, as implied by the majority, there are significant policy reasons for avoiding oral agreements which are not properly journalized. The difficulties encountered in the instant cause clearly manifest the rationale behind avoiding such oral understandings.

Notwithstanding the oral promise made by the trial judge, it is ultimately the responsibility of counsel for the litigants to ensure that the interests of their clients are protected. In this time of crowded dockets and increasingly complex litigation, I

find no justification for a practice which is frowned upon and serves no purpose other than to obfuscate the tasks of trial and appellate courts. Had appellee desired an oral hearing on her motion for a new trial, she could have filed a written request therefor. By so doing, the court's response thereto would be a matter of record and not an undisclosed agreement between one of the parties and the court.

App. R. 4(A) imposes a strict rule upon litigants. However, "[t]he purpose of a strict rule is a salutary one. It requires *litigants* to be alert to insure an orderly and prompt processing of appeals." (Emphasis added.) *Bosco* v. *Euclid, supra,* at 43. The majority's decision undermines this rule and casts doubt upon the concept of finality of judgments. Moreover, it legitimizes a procedure which has no reason to exist in our system of jurisprudence—oral understandings reached between the court and one of the parties, without the knowledge of the other parties.

For the foregoing reasons, I believe that the appeal was not timely filed and, accordingly, this appeal should be dismissed for lack of jurisdiction.

CELEBREZZE, C. J., and W. BROWN, J., concur in the foregoing dissenting opinion.