BANCROFT, APPELLEE AND CROSS-APPELLANT, *v.* COMMUNICATORS, INC., APPELLANT AND CROSS-APPELLEE.

(No. 51133—Decided December 1, 1986.)

*Shapiro, Turoff & Gisser* and *Alan Belkin,* for Jon D. Bancroft.

*Ulmer, Berne, Laronge, Glickman & Curtis* and *Stephen A. Markus,* for Communicators, Inc.

KRUPANSKY, J. Communicators, Inc., defendant-appellant/cross-appellee, is an Ohio corporation. Jon D. Bancroft, plaintiff-appellee/cross-appellant, had been employed by appellant since its creation. Appellee became a director of appellant in 1980. Appellee remained a director until December 31, 1983.

On June 25, 1980, before appellee became a director, the board of directors of appellant held a regular

meeting. At this meeting the directors unanimously approved, subject to shareholder approval, a stipend of $400 per meeting to be paid to the directors in attendance. The record fails to disclose shareholder approval of the stipend allowance. This stipend was made contingent upon the financial health of appellant and it was pointed out that in financially unsuccessful years, the stipend could be suspended or terminated. The directors did not incur any additional duties by reason of this stipend award. Nor did any additional benefit accrue to appellant.

On December 15, 1982, at which time the appellant was enjoying financial success, the board of directors held another meeting. At this latter meeting the directors unanimously agreed to award themselves bonuses. The directors did not incur any additional duties by reason of these bonuses. Nor did any additional benefit accrue to appellant. Appellee was promised a bonus of $3,000. This bonus was not a part of any predetermined incentive or compensation plan. Compensation for services rendered appellant by all of its employees was by negotiated salary.

Subsequent to December 15, 1982, appellant began to suffer financial difficulties. On July 21, 1983, the board of directors held another meeting. Appellee's attendance was recorded as present at this meeting. During the course of this meeting the president of appellant suggested the previously awarded bonuses be rescinded and the stipends be suspended until appellant was again profitable. Upon motion of certain directors of appellant, the president's request was made a resolution of the board. The record fails to reveal how appellee voted in these two matters.[1] The record is also unclear on the margin of votes by which the resolution passed and the specific number of votes cast in favor of and against it.

On June 11, 1984, appellee filed a complaint, No. 84 CVF 2807, in Shaker Heights Municipal Court. Appellee sought compensation from appellant for the bonus and the director's stipend for the meetings he had attended between the time of passage of the stipend award and its suspension. Appellee was the only director to seek payment of the bonus and stipends. Appellant filed a timely answer denying appellee's entitlement to the bonus and stipends. Trial was had on March 20, 1985 and at the conclusion of trial, the judge requested the parties to submit post-trial briefs. The judge indicated that after receiving those briefs, he would issue his decision and send copies of such decision to counsel for both parties.

The trial court entered judgment for appellee on April 8, 1985, in the total amount of $4,600. The $4,600 includes four meetings at $400 per meeting plus the $3,000 bonus. On August 21, 1985, appellant filed a Civ. R. 60(B) motion for relief from judgment. Appellant attached to the motion an affidavit averring, *inter alia,* the court had never sent the promised copies of the judgment to counsel. Appellant further averred that had the court notified appellant of the judgment, appellant would have timely appealed. Appellant's counsel resided in

---

[1] Appellee "testified that there may have been times during the two-day meeting when he was not present and, therefore, he may not have been present when certain of the resolutions set forth in the minutes thereof were offered and passed." Appellee denied any recollection of the action recorded in the minutes rescinding the bonuses and the suspension of the directors fee until the company was again on a profitable basis. App. R. 9(D), agreed statement of the case.

Florida but maintained a mailing address in Cleveland. The appellee opposed such motion as untimely. The court granted a hearing and heard testimony on October 23, 1985. Thereafter, the court granted appellant's Civ. R. 60(B) motion for relief from judgment, and vacated and re-entered the judgment as of October 23, 1985.

Appellant, from the entry of October 23, 1985, filed a timely notice of appeal on the merits of the case and appellee filed a timely cross-appeal with respect to the trial court's granting of appellant's Civ. R. 60(B) motion for relief from judgment.

Appellant's sole assignment of error is as follows:

"The trial court erred in awarding plaintiff the disputed director's stipends and bonus.

"A. Plaintiff is estopped from demanding payment of the stipends and bonus.

"B. Defendant's promises to pay the stipends and bonus, being unsupported by consideration, are unenforceable."

Appellant's first contention that appellee is estopped from demanding payment of the stipends and bonus is well-taken and disposes of its sole assignment of error.

Appellant premises its estoppel argument upon R.C. 1701.95(B), which states as follows:

"(B) *A director who is present at a meeting* of the directors or a committee thereof at which action on any matter is authorized or taken *and who has not voted for or against such action shall be presumed to have voted for the action unless his written dissent therefrom is filed either during the meeting or within a reasonable time after the adjournment thereof,* with the person acting as secretary of the meeting or with the secretary of the corporation." (Emphasis added.)

The statute confers a presumption that a director who is present at a directors' meeting and who has not voted for or against a matter is *presumed* to have voted for such action unless his written dissent is filed with the secretary either during the meeting itself or within a reasonable time afterwards.

The App. R. 9(D) record states appellee was present at the July 21, 1983 directors' meeting at which time the directors voted to rescind the previously awarded stipends and bonus. The record does not disclose whether appellee voted for or against the resolution to rescind the stipends and bonus. Consequently, in accordance with R.C. 1701.95(B), appellee is presumed to have voted for recision unless he filed a written dissent therefrom "either during the meeting or within a reasonable time after the adjournment thereof." Since the record is devoid of a written dissent from appellee, it must be presumed pursuant to R.C. 1701.95, he voted for recision. Having concluded appellee voted in favor of recision, appellee is now estopped from taking a position inconsistent with that vote, *viz.,* now seeking payment of the stipends and bonus.

Plaintiff-appellee, as cross-appellant, proposes the following sole assignment of error:

"Since appellant's motion for relief from judgment was not timely filed this appeal is not properly before this court."

This assignment of error is without merit.

Civ. R. 60(B) states in pertinent part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for

reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

The Supreme Court has set forth the following tripartite test a movant must satisfy in order to prevail on a Civ. R. 60(B) motion:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus.

In order to satisfy this tripartite test, a movant must set forth operative facts, by way of affidavit or other evidentiary material, sufficient upon which to grant a vacation of judgment. The rationale for this requirement was set forth by this court in *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 103, 68 O.O. 2d 251, 254, 316 N.E. 2d 469, 475:

"A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, *he must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense.*" (Emphasis added.)

In the case *sub judice,* cross-appellant concedes the first two requirements of the *GTE* test, *supra,* and only contests the requirement of timeliness. Cross-appellant proposes that appellant's delay in filing the Civ. R. 60(B) motion for relief from judgment is a result of appellant's "cavalier view of the proceedings" in which it "opted to do nothing until its back was forced to the wall by further attachment efforts." In effect, cross-appellant believes the Civ. R. 60(B) motion is a direct result of the collection efforts cross-appellant undertook in order to satisfy the judgment. This belief is not supported by the record. Conversely, the record does favor appellant's view, as revealed in the affidavit attached to the motion for relief, *viz.,* the delay in filing such motion was a result of the trial court's failure to notify the parties, as it had promised, of the trial court's decision. Specifically, appellant's affidavit demonstrates the court did not notify the parties as it had promised and further, appellant did not learn of the trial court's judgment until two and one-half months prior to the filing of the motion for relief. Since the App. R. 9(D) agreed statement of facts in the case *sub judice* states operative facts supporting the timeliness requirement, as required by *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216, 13 O.O. 3d 234, 394 N.E. 2d 348, the trial court's grant of such motion was proper. Specifically, the App. R. 9(D) statement demonstrates the delay in filing the Civ. R. 60(B) motion for relief was based upon original counsel residing in Florida and the expected delays brought on by sending documents through the mail to newly retained counsel in Cleveland, Ohio. In addition to appellant's establishment of the requisite elements a party must demonstrate in order to be entitled to relief from judgment, *Adomeit, supra,*

the trial court's grant of relief is in accord with the case of *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297, 21 O.O. 3d 187, 423 N.E. 2d 851. In *Steadley, supra,* the court held as follows:

"A trial court may vacate a judgment overruling a motion for a new trial pursuant to Civ. R. 60(B) under the following circumstances:

"(1) The trial court acknowledged an oral promise to the movant to hold a hearing prior to ruling;

"(2) The movant relied upon the promise;

"(3) The movant had no actual notice of the ruling prior to expiration of his time for appeal from the original judgment;

"(4) The motion for relief from judgment was timely; and

"(5) The judgment was vacated in good faith and not as a subterfuge to circumvent the jurisdictional time for filing a notice of appeal." *Id.* at the syllabus.

Similarly, in the case *sub judice,* no notice was allegedly given to appellant notwithstanding the trial court's promise to the contrary. The affidavit of appellant reveals its counsel relied upon such promise and received actual notice after the appeal time had expired. These circumstances support the conclusion the Civ. R. 60(B) motion was timely and was not a subterfuge to circumvent the jurisdictional time for filing a notice of appeal on the merits.

In addition to complying with the five-step analysis set forth in *Steadley, supra,* further support for the trial court's vacation of judgment is found in *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 25 OBR 343, 496 N.E. 2d 466. In *Moldovan, supra,* appellant's counsel's office was located in Franklin County, Ohio. The case was tried in the Court of Common Pleas of Cuyahoga County, Ohio. On July 8, 1985, appellant's counsel received a letter from the trial judge stating the court would " '* * * render a decision within the next several days.' " In fact, the court rendered judgment the very next day, July 9, 1985. Appellee alleged the Daily Legal News, the official newspaper of the General Division of the Cuyahoga County Court of Common Pleas, published a copy of the judgment on July 10, 1985. Appellant's counsel became aware of the final judgment through an unrelated phone conversation with appellee's counsel, an assistant Cuyahoga County prosecutor, on August 12, 1985. Appellant filed a notice of appeal on August 14, 1985. The court of appeals dismissed the appeal as untimely in violation of App. R. 4(A).

In reversing the court of appeals' decision, the Supreme Court relied upon Fed. R. Civ. P. 77(d), which provides as follows:

"Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

The court proceeded to adopt the essence of Fed. R. Civ. P. 77(d), by stating the following:

"Ohio has no comparable rule, and trial courts occasionally fail to provide interested litigants with reasonable

notice of the courts' appealable orders. That is what happened in the case at bar. It would be highly impractical, indeed injudicious, to pretend that the claimed publication of the trial court's judgment in a Cuyahoga County newspaper was reasonably calculated, under all the circumstances, to apprise appellant, or her Franklin County lawyer, that final judgment had been entered and that the time to file an appeal was running. *Notice by publication is generally inappropriate except where the address of the party to be served is unknown, and even then the use of this method is carefully circumscribed.* See Civ. R. 4.4.

"*We feel that, in the interests of justice and fairness, Ohio should have a rule similar to Fed. R. Civ. P. 77(d) to prevent the kind of situation illustrated by the case at bar.* Until the time of the promulgation of a new rule, we find that *failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases.* Under the facts and circumstances of the case *sub judice,* reasonable notice was not given." (Emphasis added and footnote deleted.) *Moldovan, supra,* at 295-296, 25 OBR at 345-346, 496 N.E. 2d at 468.

Similarly, under the facts and circumstances of the case *sub judice,* the trial court's vacation and re-entry of judgment was proper since appellant was not given reasonable notice of the trial court's final order due to the failure of the court to notify counsel of its decision.

In addition, according to the App. R. 9(D) agreed statement of the case, the trial judge held a hearing on the Civ. R. 60(B) motion to vacate. Mr. Richard, appellant's former counsel, flew to Cleveland from his home in Florida in order to testify at this hearing. The trial judge read the Civ. R.

60(B) motion, the affidavits submitted in support and in opposition, heard testimony and the arguments of counsel. The trial judge found appellant was entitled to relief from judgment and sought relief within a reasonable time; therefore, he granted the motion to vacate. (App. R. 9[D] agreed statement of the case.) Since we have no verbatim transcript of such proceedings, and since we have no evidence in the file to arrive at a ruling contrary to the trial court's findings, we must presume regularity and affirm. *Reid* v. *Sacks* (1961), 172 Ohio St. 102, 15 O.O. 2d 173, 173 N.E. 2d 330.

Judgment reversed on direct appeal of the merits. Judgment affirmed on cross-appeal on Civ. R. 60(B) motion to vacate judgment.

*Judgment accordingly.*

PATTON, P.J., and CORRIGAN, J., concur.