**NICHOLS, Appellee,**

v.

**SIDNEY MOTORS et al., Appellants.**

[Cite as *Nichols v. Sidney Motors* (1988), 61 Ohio App.3d 590.]

Court of Appeals of Ohio,
Lorain County.

No. 4348.

Decided Dec. 7, 1988.

*Kosma J. Glavas,* for appellee.

*Michael R. Gareau,* for appellants.

GEORGE, Judge.

Thirteen months after the trial of this matter in the municipal court by a visiting judge, judgment was entered in favor of plaintiff-appellee, Frank D. Nichols, without any notice being given to either party. Approximately two and one-half months thereafter, defendant-appellant Sidney Motors received notice of the judgment from Nichols. Sidney Motors then sought relief from that judgment pursuant to Civ.R. 60(B)(5), with a motion that facially complied with the requirements of *GTE Automatic v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Although Nichols did not respond to this motion, the visiting judge, without giving any reasons, denied the motion. Thereafter, this appeal was filed.

Sidney Motors requests that this court grant it some relief either by reversing the trial court's denial of its Civ.R. 60(B) motion or by reentering the judgment given to Nichols and requiring notice to be given to the parties.

The Ohio Supreme Court has consistently held that when a party has not been notified of the entry of a judgment and the time for appeal elapses because there is a lack of notice, such party is entitled to relief from that judgment. *Steadley v. Montanya* (1981), 67 Ohio St.2d 297, 21 O.O.3d 187, 423 N.E.2d 851, and *State, ex rel. Pajestka, v. Faulhaber* (1977), 50 Ohio St.2d 41, 4 O.O.3d 113, 362 N.E.2d 263.

Further, the Supreme Court in *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466, made it clear that each party to the litigation should receive a notice of the entry of any order or judgment filed in the case. In *Moldovan,* notice of the judgment was not given to the parties, but was published in the legal news. The court found that published notice was not reasonable notice and concluded:

" * * * [W]e find that failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases. * * * " 25 Ohio St.3d at 296, 25 OBR at 345–346, 496 N.E.2d at 468.

And in *Bancroft v. Communicator, Inc.* (1986), 34 Ohio App.3d 165, 517 N.E.2d 554, that court, following the mandate of the *Moldovan* court, found that the trial court's vacation and reentry of judgment was proper and that a failure to comply with the notice requirement constituted good grounds for relief from judgment. See, also, *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, which delineates how notice should be given.

In *Moldovan* and *Atkinson,* notice of the judgment was not reasonably given to the parties. The appellants each filed a direct appeal, beyond rule time, when they eventually received notice of the judgment. As a practical matter, however, the court of appeals is ill-equipped to deal with such late appeals, having information only as to the date of journalization of the judgment appealed from and the date of the notice of appeal. Facially, these two dates would render the appeal untimely and make it subject to a *sua sponte* motion of dismissal.

While direct appeals have been allowed under such circumstances, *Moldovan, Atkinson,* and *Howard v. Cunard Line Ltd.* (1988), 37 Ohio St.3d 134, 524 N.E.2d 175, the best procedure for dealing with the trial court's failure to give reasonable notice of a judgment is the filing of a motion for relief from judgment under Civ.R. 60(B)(5). This procedure would eliminate the uncertainty arising from the filing of a direct appeal, beyond rule time, without having any method for acquiring evidence pertinent to a determination of whether notice was reasonably given. See *Steadley, Pajestka,* and *Bancroft, supra.* The trial court is better equipped to decide this issue.

The trial court would be given the opportunity to hold a hearing or otherwise take evidence to determine if the notice of the judgment was properly given. *Atkinson, supra.* Once the trial court has made a finding that notice was not reasonably given, it could reenter the judgment or grant relief, as it may deem appropriate. In either event, the appeal procedure then becomes certain.

Since the parties here were not given reasonable notice of the entry of judgment, the assignment of error is sustained and the judgment of the trial court, denying relief from judgment, is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, J., concurs.

MAHONEY, J., concurs in judgment only.

MAHONEY, Judge, concurring in judgment only.

Until the Ohio Supreme Court decides the issue, I do not feel that we should determine what is the best procedure for dealing with the alleged failures in receiving notices of final judgments as are now required by the cases of *Moldovan* and *Atkinson*. We may be giving some bad advice. The advice, if it must be given, should be to file a Civ.R. 60(B) motion as well as a notice of appeal when one obtains actual knowledge of the judgment.

Both *Moldovan* and *Atkinson* dealt with situations where a late notice of appeal was filed upon discovery of the judgment. This procedure was not disavowed by the Supreme Court in its decisions! I think we ought to leave both procedures open until the issue is decided. The appellant could file his motion in the trial court under Civ.R. 60(B); and, in the court of appeals, he could file a late, "out of rule" notice of appeal. Problems arise under the former procedure as to the standard of review by this court as well upon appeal as to the amount of, and burden of, proof required in the trial court under a Civ.R. 60(B) motion. Under the latter procedure, the burden is on the movant to file a motion to dismiss the late notice of appeal. The problems under this procedure arise from having the appellate court factually determine whether service was had, and if not, was the appeal commenced within "rule" after actual notice. Under this latter procedure, we could again utilize the inherent power of the courts of appeals in remanding the matter to the trial court for the factual determinations of whether there was a failure to provide the notice required by both *Moldovan* and *Atkinson*.

This court has previously recognized the inherent power of the court in *Majnaric v. Majnaric* (1976), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552. The Supreme Court likewise has never resolved the issue as to which procedure is correct when the court is faced with both a Civ.R. 60(B) motion pending in the lower court and a "timely" filed notice of appeal in the court of appeals.

In *Gaeta v. Cleveland* (1988), 39 Ohio St.3d 338, 530 N.E.2d 1316, it appears, from the dissenting opinion, that the Supreme Court has approved a Civ.R. 60(B) procedure to determine whether notice was received. The court has never expressly ruled as to the effect of actual notice: Does it trigger the filing of the notice of appeal, or is actual notice merely a factual determination in the issue of whether the Civ.R. 60(B) motion is timely filed? On the other hand, maybe the court is telling us that knowledge of the judgment obtained by any means other than actual service by the clerk is not sufficient to trigger either time constraint.