OPINION
{¶ 1} Plaintiff-appellant, Jane Yoakum, f.k.a. Jane McIntyre, appeals from a Columbiana County Common Pleas Court decision overruling her objections to a magistrate's decision that found her son was emancipated.
 {¶ 2} This case dates back to November 1993 when appellant filed an action for a divorce from defendant-appellee, Robert McIntyre. Litigation has been ongoing since that time, resulting in 780 entries on the docket and at least two other appeals. SeeMcIntyre v. McIntyre (Sept. 20, 1995), 7th Dist. No. 93-C-84;Yoakum v. McIntyre, 7th Dist. No. 03-CO-63.
 {¶ 3} Upon the parties' divorce, appellee was ordered to pay child support until the children were emancipated. The parties share three children: Jerad, who is emancipated; Creighton, who is still a minor; and Conrad, whose emancipation is the subject of this appeal. Conrad turned 18 on January 4, 2004 and graduated from high school in Alabama on May 20, 2004.
 {¶ 4} Relevant to the present appeal, the facts date back to August 9, 2004. On that date, the Columbiana County Child Support Enforcement Agency (CSEA) filed a motion for a hearing on termination of child support/emancipation. The motion stated that CSEA had issued a notice of proposed child support termination to the parties regarding support for Conrad that recommended support terminate on May 20, 2004. Appellant requested an administrative hearing on the matter because she disagreed with CSEA's recommendation. CSEA held a hearing and the administrative hearing officer adopted CSEA's recommendation. Appellant then requested that CSEA file a motion for a hearing in the trial court.
 {¶ 5} A hearing on the matter was subsequently held before a magistrate. At the hearing, appellant first requested that the magistrate recuse herself. Appellant believed that the magistrate had a conflict of interest because her salary was paid by CSEA. The magistrate denied her request because appellant did not timely file this request. Appellant then argued that Conrad should not yet be emancipated. She based this argument on the fact that she and Conrad live in Alabama, and in Alabama 19 is the age of majority. Additionally, appellant took issue with the transfer of this case to Alabama in 1996 or 1997. However, Alabama refused to accept jurisdiction over the issue of child support.
 {¶ 6} The magistrate instructed appellant that if she wished to request a retroactive modification of child support back to 1996 or 1997, she would have to file a motion and follow proper legal procedures. The magistrate found that appellant was well aware of the appropriate legal process to invoke the court's jurisdiction because she properly used the process a year earlier when another son was emancipated. The magistrate noted that even if appellant was successful in her request for a retroactive modification of support, it would only affect the arrearage that appellee owed. It would not affect Conrad's emancipation date.
 {¶ 7} The magistrate next noted that she reviewed the relevant Alabama statutes. They provide that a person is a minor until he or she reaches the age of 19. However, the magistrate concluded that Ohio law, not Alabama law applies to this case. She relied on the Uniform Interstate Family Support Act, which provides that Ohio has continuing jurisdiction over a child support order it issued as long as the obligor, the obligee, or
the child is a resident of Ohio. Because appellee, as the obligor, resides in Ohio, the magistrate concluded that Ohio law applies to this case. Furthermore, she noted that appellant has fought in both Alabama and Ohio courts to keep jurisdiction of the support order in Ohio. Thus, she concluded that appellant's argument here is inconsistent with her previous position.
 {¶ 8} Based on the foregoing, the magistrate concluded that because Conrad was 18 and had graduated from high school, he was emancipated as of May 20, 2004. Accordingly, she instructed CSEA to adjust its record to reflect that child support ended on that date.
 {¶ 9} The trial court filed a judgment entry the same day adopting and affirming the magistrate's decision.
 {¶ 10} Appellant next filed her own affidavit in support of disqualifying the magistrate. She then filed objections to the magistrate's decision. In her objections, appellant contended that she had filed a motion for retroactive modification of child support and that the magistrate never heard the motion in its entirety. She next asserted that the trial court should not have permitted CSEA to participate in this action because its officers have repeatedly engaged in contempt. Next, appellant alleged that the court should have reviewed the information she provided that demonstrated the magistrate's alleged bias against her. She also claimed that she wished to provide the court with additional information not available at the previous hearing regarding ex parte communications between the magistrate and CSEA's attorney. Appellant continued by making an argument about CSEA not acting in the children's best interest. Furthermore, appellant again argued that the magistrate receives 92 percent of her salary from CSEA and, therefore, should not be permitted to hear any cases involving CSEA. Appellant then claimed that Columbiana County attorneys have refused to take her case after talking with various judges who discouraged them from doing so. Appellant concluded by asking the court "to strike in it's entirety the judgment of February 1997 so that the CSEA cannot use the Judge's order and paranoid diagnosis in any further administrative hearings, as this order was done without a license to practice mental health."
 {¶ 11} The trial court found that appellant's affidavit was meritless and untimely. Therefore, it overruled her request to disqualify the magistrate.
 {¶ 12} The court next ruled on appellant's objections. It noted that she failed to state with particularity any genuine issues of fact as grounds for her objections. Therefore, the court only considered appellant's objections as they related to the magistrate's conclusions of law. The court determined that appellant failed to demonstrate any error in the magistrate's application of Ohio law. It further noted that the hearing was confined to the issue of Conrad's emancipation. The court noted that many of appellant's objections were directed to her beliefs that CSEA, the Ohio Department of Job and Family Services, the clerk of courts, and court officers have been engaged in fault, bias, and prejudice against her. It observed that appellant seems to construe adverse rulings as a conspiracy against her or her children. It finally concluded that appellant's filings were, "for the most part, merely rambling unfounded claims not relevant to the real legal and/or factual issues at hand" and "border on just being frivolous." The court admonished appellant that if any future filings were deemed frivolous, she may be subject to sanctions.
 {¶ 13} Appellant filed a timely notice of appeal on December 27, 2004. She has acted pro se throughout these proceedings.
 {¶ 14} At the outset it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably supports such action. App.R. 18(C).
 {¶ 15} Appellant raises four assignments of error, the first of which states:
 {¶ 16} "THE TRIAL COURT ERRED IN DETERMINING THAT MAGISTRATE DALY'S [sic.] DISQUALIFICATION WAS NOT NECESSARY DUE TO EX-PARTE CONVERSATIONS WITH A PARTY, THE CSEA REGARDING THE `OFF THE COURT RECORD' JURISDICTION IN OHIO AND THE SIGNIFICANT SUBSIDY OF HER SALARY BY THE CSEA."
 {¶ 17} Here appellant argues that the trial court should have considered a copy of an email between Cynthia Lucas and Debra Kempers, who appear to be CSEA employees, which she attached to her motion for the magistrate's disqualification. The email dealt with jurisdictional issues between Ohio and Alabama and whether or not administrative fees should be charged. Appellant contends that the email demonstrates that the magistrate knew that a 1997 order "contained a false jurisdiction in Alabama," and refused to take any action to correct it. Thus, she concludes that the trial court erred in failing to disqualify the magistrate.
 {¶ 18} The removal of a magistrate is within the judge's discretion who referred the matter to the magistrate and should be sought by a motion filed with the trial court. In reDisqualification of Wilson (1996), 77 Ohio St.3d 1250, 1251,674 N.E.2d 360. Thus, we review the trial court's decision on such a motion for an abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 19} First of all, appellant did not file her motion to disqualify the magistrate until after the magistrate issued her decision. Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel. Presutti v.Pyrotechnics By Presutti, 7th Dist. No. 02-BE-49, 2003-Ohio-2378, at ¶ 8. Thus, it is reasonable that the court denied appellant's request on this basis alone.
 {¶ 20} Furthermore, the emails on which appellant relies seem to be between two employees discussing whether Alabama ever accepted jurisdiction over the child support order. In concluding that Alabama did not accept jurisdiction, the email stated that CSEA should charge administrative fees for enforcing the order in Ohio. These emails were dated September 12, 2001. It is not clear based on these emails why the trial court should have disqualified the magistrate. They do not mention the magistrate at all. Thus, it is difficult to conclude why the trial court could have abused its discretion in failing to disqualify the magistrate based on these emails.
 {¶ 21} Accordingly, appellant's first assignment of error is without merit.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT IT COULD NOT REVIEW `NEW' DOCUMENTS REGARDING THE FRAUD UPON THE COURT BY THE CSEA CONCURRENT WITH A REQUEST FOR A DEVIATION FROM THE EMANCIPATION OF CONRAD McINTYRE BASED ON EXTENUATING AND CONTEMPTUOUS CONDUCT BY A COURT OFFICER, AN EMPLOYEE OF THE CSEA THE UPSTREAM CONTRACTOR OF THE COURT OF COMMON PLEAS THAT HAS AFFECTED CONRAD McINTYRE'S SUPPORT FOR MANY MANY PRIOR YEARS [sic.]. THE MAGISTRATE DETERMINED THAT IT WAS NOT A MATTER TO BE REVIEWED SINCE IT HAD BEEN PREVIOUSLY IGNORED AND IS CURRENTLY UNDER APPEAL. 2003CO0063 AND A WRITTEN MOTION HAD NOT BEEN FILED [sic.]."
 {¶ 24} Appellant argues that CSEA and the trial court did not meet their obligations to her. While her argument here is convoluted, appellant seems to argue that the magistrate, the trial court, and CSEA erred in not taking some sort of action when this case was transferred back to Ohio from Alabama in 1997. She continues to argue about events that happened years ago dealing with jurisdiction that are not directly related to the order from which she now appeals.
 {¶ 25} As stated above, appellant's appeal here is from the trial court's order overruling her objections to the magistrate's decision and finding that her son was emancipated as of May 20, 2004. We are limited on appeal to addressing assignments of error that deal with that judgment entry. This assignment of error does not raise any issues with respect to that judgment.
 {¶ 26} Furthermore, it should be noted that appellant filed an appeal from the February 1997 judgment dealing with jurisdiction between Ohio and Alabama. However, we dismissed that appeal sua sponte on December 30, 1997, pursuant to App.R. 18(C) for her failure to file assignments of error and a brief. It seems the arguments appellant attempts to raise here should have been raised in an appeal from the 1997 order.
 {¶ 27} Thus, appellant's second assignment of error is moot.
 {¶ 28} Appellant's third assignment of error states:
 {¶ 29} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE OBVIOUS BIAS AGAINST THE INDIVIDUAL PARTIES, BY MAGISTRATE DAILY [sic.] AS DEMONSTRATED BY THE EMAIL DATED 9/11/2001 FROM CYNTHIA LUCAS AND THE FAILURE OF THE COURT OFFICER, MAGISTRATE DAILY [sic.] TO REQUIRE THE CSEA TO CORRECT THE COURT RECORD DUE TO ERROR, NEGLIGENCE OR FRAUD OF A PARTY [sic.]. THE DECISION TO ALLOW THE CSEA TO MAINTAIN AN ERRONEOUS COURT RECORD WITHOUT REQUESTING THE CSEA FILE A MOTION TO CORRECT WHILE ALLOWING THE CSEA TO ADMINISTRATIVELY ENFORCE THE ORDER BASED ON A JURISDICTION OTHER THAN THE JURISDICTION OF RECORD IS AN ACT OF NON-PROFESSIONAL CONDUCT [sic.]."
 {¶ 30} In this assignment of error, appellant argues that emails between Cynthia Lucas and Debora Kempers stated that the magistrate made a determination that Ohio had jurisdiction of this case but yet made no attempt to correct the court's records. She contends that the magistrate allowed CSEA to make an ex parte Civ.R. 60(B) motion to correct some sort of error, although her argument here is not exactly clear. Appellant continues by arguing that the trial court required her to make motions only in writing and did not require the same of CSEA.
 {¶ 31} The emails appellant refers to make no mention of any ex parte motion, Civ.R. 60(B) or otherwise, or any motions made by CSEA. Thus, it is unclear what appellant means when she argues that the emails demonstrate that the court allowed CSEA to make an ex parte Civ.R. 60(B) motion.
 {¶ 32} As to her argument about the trial court requiring her to put her motions in writing, appellant seems to be referring to the hearing before the magistrate.
 {¶ 33} At the hearing, appellant attempted to argue that someone, possibly CSEA, should be held in contempt. (Tr. 7). The magistrate informed appellant that there was no motion pending to put anyone on notice and instructed appellant she would have to file a motion with the court. (Tr. 7-8). The magistrate further acknowledged that an appeal was pending with this court and that she could not address any matters that were presently on appeal. (Tr. 7-8). The magistrate also reminded appellant that the hearing that day was limited to the subject of Conrad's emancipation. (Tr. 9). However, appellant was insistent that she wanted to request a contempt motion and a reconsideration motion. (Tr. 9). The magistrate instructed appellant that if she wished to do so, she should file any additional motions and serve them on all parties in order to invoke the court's jurisdiction. (Tr. 10). The magistrate then informed appellant that if she did file any additional motions, they would be set for hearing. (Tr. 11).
 {¶ 34} As the magistrate informed appellant, the hearing was on the limited subject of Conrad's emancipation. She did not tell appellant that she was unwilling to hear any other motions, only that appellant had to file the motions with the court and then they would be set for hearing. Additionally, she was unwilling to hear any issues that were the subject of appellant's appeal, which was filed on November 14, 2003.
 {¶ 35} Thus, appellant has not demonstrated any errors with respect to her third assignment of error. Accordingly, appellant's third assignment of error is without merit.
 {¶ 36} Appellant's fourth assignment of error states:
 {¶ 37} "THE TRIAL COURT ERRED BY FAILING TO CONSIDER ORAL MOTIONS BEFORE IT'S [sic.] FINAL ORDER OF CLOSURE AFTER YEARS OF MAINTAINING A FALSE COURT RECORD."
 {¶ 38} Appellant seems to argue here that the trial court should have permitted her to make an oral Civ.R. 60(B) motion, although it is unclear from what judgment she wished to make this motion. It seems that she wished to make this motion from the February 1997 judgment entry. She claims her motion would have been based on "fraud upon the court." Appellant continues with a discussion of fraud and concludes that CSEA's attorney had secret discussions with the magistrate regarding jurisdiction between Ohio and Alabama. She further alleges that the trial court "continues to have private and secret dealings with other court officials, the clerk of courts, the magistrate, [and] the CSEA."
 {¶ 39} As noted above, appellant filed an appeal from the court's February 1997 judgment entry but failed to pursue it. A Civ.R. 60(B) motion for relief from judgment is not a substitute for a timely appeal. Steadley v. Montanya (1981),67 Ohio St.2d 297, 299, 423 N.E.2d 851.
 {¶ 40} Additionally, it appears that appellant perceives a plot against her among the trial court, CSEA, the magistrate, and the clerk of courts. The record simply does not support her allegations of secret meetings and conspiracy theories.
 {¶ 41} Furthermore, it must again be emphasized that this appeal is from a limited judgment entry dealing with Conrad's emancipation, nothing more. Therefore, the issues appellant attempts to raise here are not properly before the court.
 {¶ 42} Thus, appellant's fourth assignment of error is without merit.
 {¶ 43} For the reasons stated above, the trial court's decision is hereby affirmed.
Waite, J., DeGenaro, J., concurs.