DECISION AND JUDGMENT ENTRY
{¶ 1} Larry Newman appeals the judgment of the Highland County Court of Common Pleas in favor of Donna Caroline Irion (hereinafter "Mrs. Irion") upon her complaint for payment on a note. Newman contends that the trial court erred in: (1) finding that $11,000 Mrs. Irion provided to the partnership was a loan, rather than partnership capital; (2) awarding prejudgment interest from the date of the alleged loan; and (3) awarding prejudgment interest at a rate of twelve percent when the instrument was not in writing as required by statute. Mrs. Irion cross-appeals, alleging that the trial court erred in relieving Newman from its original judgment, filed on June 7, 2004, in order to extend the time for Newman to file an appeal with this court. We find that the judgment Newman sought to avoid under Civ.R. 60(B) was not a final order under Civ.R. 54(B) because it (1) adjudicated fewer than all of the claims and the rights and liabilities of fewer than all of the parties; and (2) failed to include an express determination that there was no just reason for delay. Therefore, any error the trial court committed in purportedly granting Newman's motion was harmless because the judgment remained interlocutory. Accordingly, we overrule Mrs. Irion's sole assignment of error, dismiss Newman's appeal for lack of a final appealable order, and remand this cause for further proceedings in accordance with law.
 I. {¶ 2} On December 27, 1995, Mrs. Irion filed a complaint against Incomm Electronics, a general partnership, and Newman individually. Newman and Mrs. Irion's then husband, Harvey Alan Irion (hereinafter "Mr. Irion"), were equal partners in Incomm. In her complaint, Mrs. Irion alleged that, on or about July 1, 1993, she loaned Incomm and Newman eleven thousand dollars at twelve percent interest per annum for a sixty day term. Mrs. Irion alleged that Incomm and Newman failed to pay the note and interest when due, despite her demands for payment. Therefore, Mrs. Irion sought a judgment for the principal amount plus interest from the date of the loan.
 {¶ 3} Mrs. Irion also sought payment for work she performed on behalf of the partnership, in the amount of $12,000 plus interest. Additionally, Mrs. Irion set forth a claim for unjust enrichment based upon her loan to the partnership and the services she performed for the partnership without receiving compensation.
 {¶ 4} A Highland County Sheriff's deputy personally served Newman with the complaint on January 4, 1996, both personally, and in his capacity as an agent of Incomm. On January 31, 1996, Newman filed a motion to dismiss the action for failure to state a claim upon which relief could be granted and failure to join a necessary party. Then, on April 8, 1996, Newman filed his answer to the complaint. At that time, he also filed a third-party complaint on behalf of himself and Incomm against two additional third-party defendants — Mr. Irion and Star Bank.
 {¶ 5} In the third-party complaint, Newman alleged that: (1) he had a default judgment against Mr. Irion in the amount of $18,509.76; (2) Mr. Irion was directed to pay Mrs. Irion $5,500, representing one-half of the monies Mrs. Irion advanced to the partnership; (3) he paid one half of the partnership's indebtedness to Star Bank; and (4) Star Bank has an interest in partnership assets that must be determined.
 {¶ 6} Accordingly, in his third-party complaint, Newman sought the court's "acknowledgment" that: (1) Mrs. Irion was a creditor of the partnership; (2) Mr. Irion was directed to pay Mrs. Irion one-half of the amount Mrs. Irion advanced to the partnership; (3) if he was liable to Mrs. Irion, he was only liable for one-half of the monies advanced; (4) Mr. Irion was indebted to him in the amount of $18,509.76; (5) he had paid one-half of the partnership's Star Bank indebtedness, in compliance with the partnership dissolution agreement. Additionally, Newman sought confirmation of the indebtedness to Star Bank and a determination of liability for that debt.
 {¶ 7} The record reflects that both Mr. Irion and Star Bank were served with a summons and the third party complaint via certified mail. Neither of the third party defendants filed an answer or otherwise entered an appearance in the action below.
 {¶ 8} On May 13, 1996, the trial court denied Newman's motion to dismiss. In its entry, the court stated that: "By agreement of the parties and with the consent of the Court the Defendant is hereby permitted to file any appropriate pleading to join into the case any additional parties that might be necessary or appropriate for a full adjudication of the pending matter including but not limited to Star Bank and Harvey Irion." Then, on June 3, 1996, Newman filed a motion for default judgment against Mr. Irion and Star Bank on behalf of himself and Incomm.
 {¶ 9} To further complicate matters, on October 15, 1996, Newman filed a document entitled "Counterclaim and Crossclaim." In that pleading, Newman sought a judgment of $2,919.11 plus interest against Mrs. Irion, representing one-half of certain loan payments he made to Star Bank and insurance premiums he paid to Grange Mutual to cover collateral held by Star Bank. Additionally, Newman sought a judgment of $13,687.94 against Mr. Irion, representing $10,774.83 Newman claimed Mr. Irion owed him pursuant to the Highland County Court of Common Pleas' decision in Case No. 95CV085, plus one-half of his alleged payments to Star Bank and Grange Mutual. From the record, it does not appear that either Mr. or Mrs. Irion filed an answer to this pleading.
 {¶ 10} The trial on this matter began on October 23, 1996. At that time, Mrs. Irion presented Newman's testimony upon cross-examination, in addition to her own testimony. At the end of the day, the trial had not reached its conclusion, and the court indicated that the matter would be continued to a later date. Thereafter, Newman and Mrs. Irion submitted a series of briefs, in which they alleged that they had reached certain stipulations and executed an agreed entry, wherein they agreed that the court would consider the evidence it had already received, as well as the briefs and stipulations of the parties.[1]
 {¶ 11} From the record, it does not appear that the court ever continued the trial upon this matter, and the case sat idle for almost eight years. Then, on June 7, 2004, the trial court issued a judgment entry, wherein it found that, although duly served with a summons, Incomm filed no answer or other responsive pleadings.[2] Noting that, even if it were to grant Newman's motion for default judgment against Star Bank and Mr. Irion, the "acknowledgements" he demanded were not necessary, appropriate, or contributive to the full adjudication of the issues raised by the pleadings. Accordingly, the court denied Newman's motion for default judgment against the third party defendants.
 {¶ 12} With regard to Mrs. Irion's claim for payment of the loan, the court found that: (1) Mrs. Irion loaned $11,000 to Incomm; (2) the partnership had not repaid the loan; (3) the partners, Mr. Irion and Newman were equally responsible for repayment of the loan; (4) because Mrs. Irion was not a partner, and, therefore, was not a party to the partnership dissolution, she was not bound by that agreement; (5) because the Irion's divorce decree in case No. 94DR56 provided that Mrs. Irion was entitled to one-half of the $11,000 loan to Incomm, "judgment should be and is Awarded to [Mrs.] Irion in the amount of $5,500.00 together with interest thereon at the rate of 12% per annum from the date of said loan to Incomm Electronics to the date of this entry for a total amount of $12,731.00." Because the court found that Mrs. Irion was merely an accommodation party on the Star Bank loan to the partnership, it concluded that she was not obligated to contribute toward Newman's repayment of the loan. Accordingly, the court granted Mrs. Irion judgment on Newman's counterclaim.
 {¶ 13} Finally, the court found that, although the parties did not dispute that Mrs. Irion provided some services to Incomm, she failed to demonstrate by a preponderance of the evidence the amount or duration of her services, or the existence of any agreement regarding compensation for those services. Accordingly, the court found that Mrs. Irion could not prevail on her claim for compensation and awarded judgment in favor of Newman.
 {¶ 14} The record reflects that, on June 7, 2004, the clerk of courts mailed notice of the final appealable order to all parties and counsel of record, each at their respective address of record. Thereafter, Mrs. Irion filed a praecipe requesting a certificate of judgment for $12,731 plus judgment interest against Incomm and Newman. The clerk issued a certificate of judgment against Newman on July 15, 2004, and against Incomm on August 25, 2004.
 {¶ 15} On August 8, 2004, Newman filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5), alleging that the court failed to give him timely notice of the final appealable order, and, therefore, deprived him of his right to appeal. The trial court conducted a hearing on the matter, and on January 10, 2005, granted Newman's motion. In its entry, the court directed the clerk of courts to "re-enter the Judgment previously entered of record on June 7, 2004, so that the Defendant may file a timely appeal."
 {¶ 16} On January 27, 2005, Newman filed his notice of appeal, and now raises the following assignments of error: "[I.] THE TRIAL COURT ERRED WHEN IT FOUND THAT THE $11,000.00 WAS A LOAN TO THE PARTNERSHIP AND NOT PARTNERSHIP CAPITAL SUBJECT TO O.R.C. § 1775.39(B) AND CONTRIBUTION. [II.] THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST FROM THE DATE OF THE ALLEGED LOAN UNTIL THE DATE OF THE ENTRY. [III.] THE TRIAL COURT ERRED WHEN IT AWARDED PREJUDGMENT INTEREST AT THE RATE OF 12% PER ANNUM WHEN THE INSTRUMENT WAS NOT IN WRITING AS REQUIRED BY O.R.C. § 1342.03(A)."
 {¶ 17} On February 4, 2005, Mrs. Irion filed a notice of cross appeal. She now raises the following assignment of error: "The Trial Court committed prejudicial error to the detriment of [Mrs. Irion] by relieving [Newman] from the judgment against him."
 II. {¶ 18} In her sole assignment of error, Mrs. Irion contends that the trial court erred in granting Newman relief from judgment pursuant to Civ.R. 60(B)(5) in order to give Newman the opportunity to timely appeal the judgment. The essence of Mrs. Irion's argument is that the trial court should not have relieved Newman from the judgment when Newman's own actions and the inaction of his counsel caused him to miss the appeal deadline. Specifically, Mrs. Irion notes that Newman failed to notify either his counsel or the clerk of courts of his new address, and entirely failed to communicate with his attorney during the eight years that elapsed between the trial and the judgment.
 {¶ 19} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." The rule further provides that the motion must be made within a reasonable time, and for reasons (1), (2), or (3) not more than one year after the judgment was entered.
 {¶ 20} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: "(1) [he] has a meritorious defense or claim to present if relief is granted; (2) [he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 21} An order that vacates or sets aside a judgment or grants a new trial is a final order. R.C. 2505.02(B)(3); Bourquev. Bourque (1986), 34 Ohio App.3d 284, 286. We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 22} The Ohio Supreme Court has repeatedly held that a party may not substitute a Civ.R. 60(B) motion for appeal nor can a party use it to circumvent or extend the time requirements for appeal. See State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 192-193, citing Steadley v. Montanya (1981),67 Ohio St.2d 297; Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. Accordingly, we agree with Mrs. Irion's assertion that the trial court erred by granting Newman's motion for relief from judgment pursuant to Civ.R. 60(B) for the express purpose of extending his time to file an appeal. However, we disagree with Mrs. Irion's assertion that the court's error caused her prejudice.
 {¶ 23} The plain language of Civ.R. 60(B) permits a court to grant a party relief only from a "final judgment, order or proceeding." Civ. R. 54(B) provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Thus, when a judgment fails to dispose of all of the claims or all of the parties, it remains interlocutory unless the trial court expressly determines that there is no just reason for delay.
 {¶ 24} Here, the trial court purported to grant Newman Civ.R. 60(B) relief from its June 7, 2004 judgment. However, our review of the record reveals that the June 7, 2004 judgment was not a final judgment because it adjudicated fewer than all of the claims and determined the rights and liabilities of fewer than all of the parties to the action. Specifically, we find that it is not entirely clear whether the court rendered judgment on the loan against both Newman and Incomm, or merely against Newman in his individual capacity. Additionally, while the court rendered judgment in Newman's favor regarding Mrs. Irion's claim for compensation for work she performed for Incomm, the judgment did not resolve that claim as it relates to Incomm. In its judgment, the court specifically declined to grant Newman a default judgment against Mr. Irion and Star Bank on his third-party complaint, yet failed to dispose of his third-party claims in any other manner. The court also failed to dispose of Newman's October 1996 "Counterclaim and Crossclaim" as it relates to Mr. Irion.[3] Furthermore, the court did not make an express determination that there was no just reason for delay.
 {¶ 25} Therefore, pursuant to Civ.R. 54(B) the court's June 7, 2004 judgment was an interlocutory order, subject to revision at any time before the court entered a judgment adjudicating all the claims and the rights and liabilities of all the parties. SeeWhitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184. While the trial court erroneously granted Newman relief from its June 7, 2004 judgment pursuant to Civ.R. 60(B), the court retained the authority to modify that judgment because it was interlocutory. Therefore, we find that any error the trial court may have committed in purporting to grant Newman's motion for relief from judgment was harmless. Accordingly, we overrule Mrs. Irion's sole assignment of error.
 III. {¶ 26} Before we may consider the merits of Newman's assignments of error, we must first determine whether the order he appeals is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co.of North America (1989), 44 Ohio St.3d 17, 20; Noble v.Colwell (1989), 44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell,
supra.
 {¶ 27} Here, Newman attached the trial court's January 10, 2005 judgment entry, purporting to grant his motion for Civ.R. 60(B) relief, to his notice of appeal. He then asserts that the judgment entry he appeals was originally filed on June 7, 2004, but was later refiled by order of the trial court on January 10, 2005. Newman is correct that the trial court's January 10, 2005 entry orders the clerk of courts to "re-enter the judgment previously entered on June 7, 2004, so that [Newman] may file a timely appeal." However, the record before us reveals that the clerk never did so. Moreover, even if the clerk had followed the trial court's order, we have already found that, pursuant to Civ.R. 54(B), the court's June 7, 2004 entry was not a final order. All of Newman's assignments of error relate to the trial court's original judgment, that he believed was re-entered on January 10, 2005, rather than the judgment actually granting his motion for relief from judgment on that date. Therefore, we conclude that we lack the requisite jurisdiction to consider the merits of Newman's assignments of error.
Accordingly, we dismiss his appeal and remand this cause for further proceedings in accordance with law.
Appeal Dismissed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and the cause be remanded to the trial court for further proceedings in accordance with law, and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] The stipulations and the agreed entry discussed in the parties' briefs do not appear in the record before this court.
[2] We question whether the practical effect of Newman's pleadings may have been to appear both individually and on behalf of the partnership. See, e.g., Reed v. BDS Holdings (June 4, 1993), Union App. No. 13-92-41; Marks v. Fordyce (1872), 5 Ohio Dec. Reprint 81.
[3] It appears to this court that Newman's "Crossclaim" may actually be an amended third party complaint, as it asserts a cause of action against Mr. Irion, one of the third-party plaintiffs Newman joined. We note that because Mr. Irion had not yet served a responsive pleading, under Civ.R. 15(A), Newman could amend his third party complaint without leave of court. The certificate of service on Newman's "Counterclaim and Crossclaim" indicates that it was served upon Mr. Irion by regular U.S. Mail. However, because Mr. Irion was in default for failure to appear, Civ.R. 5(A) specifies that a pleading asserting a new or additional claim for relief or for additional damages to be served upon him in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6. Accordingly, it does not appear to this court that Newman ever properly served the pleading upon Mr. Irion.